JOSEPH GRABOWSKI v. GREAT NORTHERN OIL COMPANY
AND ANOTHER.

167 N. W. (2d) 14.

April 11, 1969—No. 41221.

*Larkin, Hoffman, Daly, Lindgren & Danielson, James P. Larkin,* and
*Patrick J. Delaney,* for relator.
*Michael J. Baglio* and *Ronald O. W. Ylitalo,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and
Peterson, JJ.

ROGOSHESKE, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Com-
mission denying workmen's compensation benefits to an employee who
suffered a myocardial infarction on the ground that it was not a personal
injury arising out of and in the course of his employment. The only
question before us is whether this denial is supported by the evidence.

Joseph Grabowski was employed as an operator by the Great North-
ern Oil Company at its refinery near Pine Bend, Minnesota. At ap-
proximately 4 a. m. on October 8, 1965, in response to a warning buzzer
and in accordance with a prearranged procedure, he proceeded to the
site of a compressor which had stopped running. He climbed 18 to 20

steps to a landing, climbed a 7-foot ladder to another platform, and attempted to close the compressor's suction valve by turning the 24-inch wheel which operated it. He had difficulty turning the wheel, and therefore he grasped the side of the wheel with both hands and jerked downward. As the wheel began to turn, he felt a sharp pain in his midchest and aching in his arms. However, despite what he testified was continuing pain in his chest and arms, the employee continued to perform his normal duties for the final 3 1/2 hours of his shift at the refinery. While he testified that the pain continued, although diminished in intensity, during the next 2 days, the employee followed a seemingly normal daily routine of shopping, working around the house, playing with his children, and watching television. On Sunday morning, October 10, he began to feel ill, perspire, and shake. He was admitted to a hospital, where his condition was diagnosed as a "[c]oronary occlusion with posterior myocardial infarction." He was hospitalized for 4 weeks and spent 2 months at home recuperating before returning to work. He then brought this claim for workmen's compensation benefits against Great Northern and its insurer.

After a hearing, the referee found that the myocardial infarction was a personal injury "arising out of and in the course of his employment" and awarded benefits for temporary total disability and medical expenses. The employer and its insurer appealed. In a 2-1 decision, the Workmen's Compensation Commission reversed the referee and denied benefits on the ground that the myocardial infarction "did not arise out of and in the course of his employment."

Dr. Maurice Lindblom, the employee's personal physician, and Dr. Wayne L. Hoseth were called by the employee. Both testified that the myocardial infarction was causally related to the incident which occurred at work. However, Dr. Dale Correa (a specialist in internal medicine called in as a consultant by Dr. Lindblom on October 11), Dr. M. J. Murray, and Dr. David M. Craig, who were called by the employer and its insurer, found no causal connection. The employee challenges their opinions, alleging that they were based solely on the mistaken assumption that the employee did not suffer continuous pain from the time of the work incident until he was admitted to the hospital on October

10. However, Dr. Correa testified on cross-examination that his opinion was based not only upon the duration of the pain but also upon the absence, at the time the substernal pain was first experienced, of other symptoms such as abnormal perspiration, shortness of breath, and inability to perform normal activity. In addition, Dr. Murray, after giving his opinion that there was no causal connection, specifically stated that when he formulated that opinion he realized that the employee experienced some pain throughout the period prior to his hospitalization. It should also be noted, as the majority opinion of the commission states, that the employee's testimony at the hearing of continuous stress-induced pain differed "somewhat from the history which he gave to his attending physicians [Drs. Lindblom and Correa] at the time of his hospitalization."

Thus we do not agree with the employee's contention that this is a case where the assumptions upon which the challenged medical opinions and the commission's finding of no causation rest are without evidentiary support. Rather, "[t]his case is no different from the numerous cases that have come before us in which medical opinions differ on whether there is a causal relationship between an occurrence which causes an employee disability or death, such as a heart attack or the onslaught of a disabling disease, and his employment." Dudovitz v. Shoppers City, Inc. 282 Minn. 322, 324, 164 N. W. (2d) 873, 875. A conflict in the opinions of medical experts, the same as a conflict in the testimony of other witnesses, must be resolved by the Workmen's Compensation Commission as the trier of fact. Luthens v. Glencoe Red & White Store, 264 Minn. 26, 117 N. W. (2d) 386; Richter v. Shoppe Plumbing & Heating Co. 257 Minn. 108, 100 N. W. (2d) 96; Saari v. Dunwoody Iron Min. Co. 221 Minn. 95, 21 N. W. (2d) 94. This is especially true in cases such as this one which involve difficult questions concerning the causation of a claimed work-related heart attack. Dudovitz v. Shoppers City, Inc. *supra*; Peterson v. The Ruberoid Co. 261 Minn. 497, 113 N. W. (2d) 85; Golob v. Buckingham Hotel, 244 Minn. 301, 69 N. W. (2d) 636. It is not our function to determine whether the weight given or the inferences drawn from the conflicting testimony of medical experts are correct, preferable, or identical to the conclusions we would

adopt if we were the triers of fact. Luthens v. Glencoe Red & White Store, *supra.* Therefore, our appellate responsibility requires that we do not disturb the findings of the commission unless they are manifestly contrary to the evidence or unless a consideration of all the evidence and the inferences permissible therefrom would require reasonable minds to adopt a contrary conclusion. Bruce v. Tel-E-Lect Products, Inc. 283 Minn. 142, 167 N. W. (2d) 27. See, 21 Dunnell, Dig. (3 ed.) § 10426(13), note 16.

Given the conflict in the testimony of the medical experts on the causal relationship between the episode which occurred at work and the disabling myocardial infarction, and the inferences which the commission could reasonably draw therefrom, we cannot say that its determination that the employee failed to establish that his condition arose out of and in the course of his employment is clearly and manifestly contrary to the evidence.

Affirmed.