AUGUST A. NAEBERS v. SHELL OIL COMPANY.

224 N. W. 2d 160.

December 6, 1974—No. 44517.

*Gray, Plant, Mooty & Anderson* and *Michael R. Cunningham,* for relator.

*Thomas R. Longfellow,* for respondent.

PER CURIAM.

The employer seeks review of a decision of the Workmen's Compensation Commission awarding benefits to respondent-employee for temporary total and permanent partial disability. The employer submits that the commission's findings are unsupported by and contrary to the evidence. We affirm.

The employee worked for the employer from 1950 until April 30, 1971. On October 8, 1963, and on January 23, 1968, he suffered personal injuries to his back arising out of the course of his employment that required corrective surgery. For each injury he received compensation for medical expenses and temporary total disability. In addition, for each injury he was awarded compensation for a 5-percent permanent partial disability of the back. Subsequent to his dismissal in April 1971, he filed the petition herein for additional compensation for temporary total and permanent partial disability.

Prior to the injury in 1963, plaintiff worked as a fuel oil truck and transport driver, duties that required a great deal of stooping, climbing, and lifting. After an operation and convalescence, he returned to these duties. After the 1968 injury and operation continuous pain in his back and legs limited his work to such things as picking up the mail, painting, running errands, and performing minor repair and maintenance. He was discharged on April 30, 1971, as he was physically unable to return to his duties as a truck and transport driver.

Employee was unsuccessful in obtaining work after his discharge. He was almost 62 years old at the date of the hearing. He has an eighth-grade education.

Medical testimony at the compensation hearing was limited to that of two orthopedic surgeons. They were in substantial agreement that the employee would be limited to light or sedentary work that allowed him the freedom to move around at will, sitting down or standing up where necessary. They disagreed as to the percentage of permanent partial disability of his back, one estimating it to be a total of 20 percent, the other at 35 percent.

The compensation judge found that claimant became temporarily totally disabled on May 1, 1971, and had so remained to the date of hearing. He further found that claimant had sustained a 20-percent perma-

nent partial disability to the back as a result of the second injury. On appeal, the full commission increased the permanent partial disability to 35 percent.

In reviewing an award we must view the evidence in the light most favorable to the commission's findings. Roberts v. Motor Cargo, Inc. 258 Minn. 425, 104 N. W. 2d 546 (1960). Findings on questions of fact will not be disturbed unless consideration of the evidence and inferences permissible therefrom clearly require reasonable minds to adopt contrary conclusions. Saholt v. Northwest Airlines, Inc. 290 Minn. 393, 188 N. W. 2d 772 (1971).

In interpreting the definition of "total disability" in Minn. St. 176.101, subd. 5, we have formulated the rule that—

"* * * a person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income." Schulte v. C. H. Peterson Const. Co. 278 Minn. 79, 83, 153 N. W. 2d 130, 133 (1967).

The commission's finding of temporary total disability is clearly consonant with our decisions.

Conflict in the opinion of medical experts must be resolved by the commission as trier of fact. Grabowski v. Great Northern Oil Co. 283 Minn. 205, 167 N. W. 2d 14 (1969). After a careful consideration of the record we cannot say that the commission's finding of 35-percent permanent partial disability is unsupported by the evidence. We will not substitute our judgment for that of the commission. Saholt v. Northwest Airlines, Inc. *supra.*

Affirmed.