JOHN B. KELLY, JR. v. C.M.I.
REFRIGERATION COMPANY AND ANOTHER.

231 N. W. 2d 490.

June 27, 1975—No. 45307.

*Van Eps, Gilmore & Chantry* and *George R. Benton,* for relators.
*MacIntosh, Commers & Rex, Bruce P. Barten, G. T. MacIntosh II, Rerat, Crill, Foley & Boursier,* and *Michael D. Doshan,* for respondent.

PER CURIAM.

Relators seek review of a decision of the Workmen's Compensation Commission awarding employee benefits for temporary total disability and for the permanent and total loss of vision of his left eye. The only question raised on appeal is the sufficiency of the evidence supporting the commission's finding of a causal relationship between employee's loss of vision and an accident at work.

On August 16, 1972, while repairing a used icemaker, employee was hit on the left side of his face by a pressurized spray of freon, oil, and contaminants from a ruptured piece of tubing. He felt an immediate burning sensation in his left eye.

Employee subsequently consulted an eye specialist, who treated him for inflammation of the eye's outer surface. After several treatments, it became apparent that the internal or vitreous portion of the eye was inflamed as well. Despite continuing treatment and a consultation at the Mayo Clinic, the eye rapidly deteriorated until within 2 months almost all vision was lost.

In 1968, during a routine eye examination, a scar was observed on the retina of employee's left eye. The loss of vision was attributed to active uveitis which was a flareup of an old uveitis evidenced by the scar on the retina. The expert medical witnesses expressed conflicting opinions

as to the relationship between the incident at work and the flareup of uveitis.

We have frequently been presented on appeal with situations for which the field of medical science holds divergent opinions. In Golob v. Buckingham Hotel, 244 Minn. 301, 304, 69 N. W. 2d 636, 639 (1955), we made the following observation:

"* * * [U]ntil the time comes when medical knowledge has progressed to such a point that experts in the field of medicine can agree, causal relation in determining compensable injury or disease will have to remain in the province of the trier of fact. Where qualified medical witnesses differ as they do here, it ordinarily is not for us on appeal to say that one is so eminently right and the other so clearly wrong that the fact finder was obliged to accept the opinion of one and discard the opinion of the other."

We have also on several occasions noted that where an employee is asymptomatic prior to an injury but begins to experience symptoms in the area of the trauma shortly after the injury, and in a short time suffers disability for which he claims benefits, that alone is sufficient to support a strong inference of cause and effect. Pittman v. Pillsbury Flour Mills, Inc. 234 Minn. 517, 48 N. W. 2d 735 (1951).

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.