HARRY CREATHERS v. ARMOUR AND COMPANY.

232 N. W. 2d 245.

August 8, 1975—No. 45187.

*Mahoney, Dougherty & Mahoney* and *Kenneth P. Gleason,* for relator.
*Grose, Von Holtum, Von Holtum, Sieben & Schmidt* and *Timothy J. McCoy,* for respondent.

PER CURIAM.

The employer seeks review of a decision of the Workmen's Compensation Commission awarding benefits to the employee for permanent and total disability. The compensation judge awarded the employee benefits for temporary total disability but found that his permanent and total disability was not work related. His decision was affirmed by an evenly divided commission.[1]

On February 25, 1974, the commission granted the employee's petition to reargue the appeal before the full commission. On this review of the commission's subsequent decision, the employer argues that the commission abused its discretion in permitting the reargument and that the award is not supported by credible medical testimony.

In Wever v. Farmhand, Inc. 302 Minn. 546, 224 N. W. 2d 162 (1974), we remanded for reconsideration before the full commission an equally divided determination made during the same period of vacancy as that in this case. The commission's action herein was within its discretion and is affirmed.

The employee has several physical illnesses of a degenerative nature. Five medical experts, differing substantially in opinion, testified as to the causal relationship between employee's work activities and his permanent and total disability. Resolution of conflict in the opinions of medical experts is to be resolved by the commission as trier of fact. Grabowski v. Great Northern Oil Co. 283 Minn. 205, 167 N. W. 2d 14 (1969). The commission's finding that injuries sustained by employee in his employment are significant and substantial contributing causes of his total disability is supported by substantial evidence and must be affirmed. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971).

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.

---

[1] The appeal was argued before the commission just prior to the date Commissioner John W. Romine's term expired but after he had ceased hearing appeals. Commissioner Charles R. Reischel was appointed to the commission approximately 2 weeks later.