## JOYCE P. DAUPHINE v. CITY OF MINNEAPOLIS, DEPARTMENT OF PUBLIC WELFARE, WORKHOUSE DEPARTMENT.

249 N. W. 2d 463.

January 7, 1977—No. 46692.

*Samuel I. Sigal*, for relator.

*Walter J. Duffy, Jr.*, City Attorney, and *Edward R. Kenneally*, Assistant City Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Relator, widow of the deceased employee, seeks review of a decision of the Workers' Compensation Board finding that the employee's death from cancer was not causally related to an employment-related injury and denying her claim for dependency benefits and hospitalization and funeral expenses. We affirm.

On November 26, 1972, the employee fell at work striking his right side on a metal railing. As a result he sustained fractures of the right 8th, 9th, and 10th ribs laterally, a right shoulder sprain and contusions of the right chest and abdomen. On April 19, 1973, his left lung was surgically removed. Biopsy of nodes removed during surgery disclosed oat-cell type metastatic carcinoma, a rapidly spreading and highly fatal cancer. On September 24, 1973, the employee died from the effects of the cancer.

At the compensation hearing two eminently qualified pathologists were of opposing opinions as to whether the injury on November 26, 1972, accelerated the spread of the cancer or was responsible for an earlier death. The compensation board accepted the opinion of Dr. John Coe that there was no causal relationship between the injury and the spread of the cancer or death.

We have frequently stated that the resolution of conflicting testimony of medical experts in workmen's compensation matters is for the compensation board as factfinders. Grabowski v. Great Northern Oil Co. 283 Minn. 205, 167 N. W. 2d 14 (1969). The compensation board's findings on questions of fact will not be disturbed unless consideration of the evidence and inferences permissible therefrom clearly require reasonable minds to adopt contrary conclusions. Saholt v. Northwest Airlines, Inc. 290 Minn. 393, 188 N. W. 2d 772 (1971).

Relator argues that this matter must be remanded for reconsideration of uncontradicted lay testimony that the employee's physical appearance steadily deteriorated from the date of the injury to his death. Relator surmises from the brevity of the board's majority opinion that this testimony was disregarded by the board in reaching its findings and decision.

In the text of its decision the board stated affirmatively that in reaching its findings it considered the transcript, files, records, and proceedings. Where so stated, we will not presume otherwise. Cieluch v. Economy Tire & Battery Co. 207 Minn. 1, 290 N. W. 302 (1940). It is also important to note that the testimony to which relator refers was a part of the evidence upon which Dr. Coe reached the opinion subsequently adopted by the board.

It is clear from our prior decisions that where an employee is asymptomatic prior to an injury but begins to experience symptoms in the area of the trauma shortly after the injury and in a short time suffers disability, "that history alone is sufficient to support a strong inference of cause and effect." Kelly v. C. M. I. Refrigeration Co. 304 Minn. 585, 586, 231 N. W. 2d 490, 491 (1975). However, where medical experts consider such history and reach opposing conclusions, there remains a question of fact to be resolved by the compensation board.

The determinative finding that the employee's death was not causally related to his employment is supported by substantial evidence in view of the entire record as submitted.

Affirmed.