**50**

Jacqueline WHITE, Respondent,

v.

BENDIX HOME SYSTEMS, INC., et al., Relators.

No. 47160.

Supreme Court of Minnesota.

June 3, 1977.

Jardine, Logan & O'Brien and Alan R. Vanasek and Charles E. Gillin, St. Paul, for relators.

Grose, Von Holtum, Von Holtum, Sieben & Schmidt and Timothy J. McCoy, Minneapolis, for respondent.

PER CURIAM.

Bendix Home Systems, Inc., and its compensation insurer seek review of a decision of the Worker's Compensation Court of Appeals awarding employee benefits for temporary total and permanent partial disability allegedly resulting from a work-related accident. Relators contend that the findings relating to disability are not supported by the evidence. We affirm in part, reverse in part, and remand for further proceedings.

Employee, a cabinet assembler, was injured September 30, 1974, when struck by one or more formica panels which fell from a shelf behind her. At the time she made no complaint of injury regarding her ankle. A month later employee noticed slight backaches which became more severe as time went on, and on January 10, 1975, she consulted Dr. C. M. Fitch for back pain. She subsequently filed a claim petition seeking benefits for temporary total disability.

Medical evidence presented at the compensation hearing included a report from Dr. Fitch stating his "impression" that employee might have a herniated intervertebral disc, and a report from Dr. H. Phil Gross, an orthopedist to whom Dr. Fitch referred employee, stating that he thought she had sustained a rather minor soft tissue injury. Dr. Meyer Z. Goldner and Dr. John D. Beer, orthopedic surgeons testifying for employee and relators respectively, also disagreed in their diagnoses. Dr. Goldner thought that employee had a lumbar disc syndrome arising out of injury sustained in the accident of September 30, 1974, while Dr. Beer thought she had suffered a musculoligamentous sprain. None of these witnesses testified that employee had sustained

permanent disability, but Dr. Goldner and Dr. Beer agreed that her condition restricted her ability to lift and that she could not do work requiring her to bend or twist her back.

Although employee obtained a job as a sales clerk early in 1975, she decided against trying this work because of back pain. Professor Joseph B. Steen, an employment expert, testified that because of her physical limitations employee is not now employable in any job for which she has training or experience.

On this evidence the compensation judge determined that employee had been temporarily totally disabled from January 10, 1975, to February 3, 1975. On appeal, the compensation court appointed Dr. David W. Florence as a neutral physician pursuant to Minn.St. 176.155, subd. 2, in order to obtain more medical information. Dr. Florence's diagnosis was that employee has a low grade lumbrosacral disc disease, and has sustained a 15-percent permanent partial disability of the back. His report added:

"Relative to a cause and effect relationship, it is most unusual for a trauma induced lumbar disc condition to manifest no significant objective evidence until one month after the time of trauma and for this reason I have significant difficulty establishing a direct cause and effect relationship between the trauma of September 30, 1974, and the subsequent onset of the low back symptomatology."

The compensation court rejected the findings of the compensation judge and found that employee suffered a disc injury to her lumbar back as a result of the accident of September 30, 1974, that as a result of the disc condition she became temporarily totally disabled since January 10, 1975, and that as a result of the disc condition she has suffered a 15-percent permanent partial disability of the back. Relators challenge these findings as not warranted by the evidence.

■ The finding that employee suffered a disc injury as a result of the work-related accident and the finding pertaining to her temporary total disability must be affirmed since they are supported by substantial evidence in view of the entire record. *Greene v. W & W Generator Rebuilders*, 302 Minn. 542, 224 N.W.2d 157 (1974); Minn.St. 15.0425(e). Conflicts in the opinion of medical experts must be resolved by the compensation court as the trier of fact, and the finding of temporary total disability is clearly consonant with our decisions. *Naebers v. Shell Oil Company*, 302 Minn. 544, 224 N.W.2d 160 (1974).

■ The finding that employee has sustained a 15-percent permanent partial disability of the back because of the disc condition appears to be based on cumulative testimony of Dr. Florence with respect to disability and of Dr. Goldner with respect to causation. We are not satisfied that the finding has sufficient evidentiary support, however, since Dr. Florence was unable to state that a causal relationship existed between the permanent partial disability and the work accident and Dr. Goldner did not relate the accident to this type of disability. We have concluded that the finding should be reversed and the matter remanded for the purpose of taking additional testimony, if available, to permit the compensation court to determine whether employee has sustained permanent partial disability caused by the accident of September 30, 1974.

After reviewing the record, we find relators' claim that they did not receive due notice of employee's injury to be without merit.

Employee is allowed $350 attorneys fees on this appeal.

Affirmed in part, reversed in part, and remanded.