**Rene K. POMMERANZ, Respondent,**

v.

**STATE of Minnesota, DEPARTMENT OF PUBLIC WELFARE, FARIBAULT STATE HOSPITAL (self-insured), Relator.**

No. 47412.

Supreme Court of Minnesota.

Dec. 9, 1977.

Paul V. Rieke, Comp. Atty., St. Paul, for relator.

Warren D. Chamberlain, Faribault, for respondent.

PER CURIAM.

Certiorari on the relation of the Department of Public Welfare to review a decision of the Worker's Compensation Court of Appeals awarding employee, Mrs. Rene Pommeranz, temporary total disability benefits. Relator contends that the findings that employee contracted viral hepatitis, that it was caused by her employment, and that as a consequence of the hepatitis she contracted a second liver disease, primary biliary cirrhosis, lack sufficient evidentiary support. We affirm.

Employee, a switchboard operator at the state hospital, became ill in November 1973. Her physician, Dr. Bruce Gutzmann, diagnosed her condition as viral or infectious hepatitis on the basis of her symptoms, a needle biopsy showing nonspecific changes in the liver, and abnormal liver function tests. Although most people recover completely from this kind of hepatitis within 6 to 8 weeks, employee did not do so and Dr. Gutzmann testified that in his opinion she developed chronic active hepatitis which she still has. Because of the complexity of her case, in June 1975 he referred her to Dr. E. Rolland Dickson, a specialist in liver diseases at the Mayo Clinic. Dr. Dickson diagnosed her condition as primary biliary cirrhosis, the cause of which is unknown. This disease attacks the bile ductular epithelial cells, which carry off bile and waste products from the liver, while hepatitis attacks the liver cells, which metabolize foods taken into the body.

It is undisputed that several patients at the state hospital are carriers of viral hepatitis, and prior to June 1975 relator had paid employee compensation on the assumption she had contracted the disease there. On being informed of Dr. Dickson's diagnosis of primary biliary cirrhosis, relator discontinued compensation payments. Employee then filed a petition seeking compensation and relator denied liability. The compensation judge found that employee contracted employment-related viral hepatitis in November 1973, that as a consequence thereof she contracted primary biliary cirrhosis, and that she has been temporarily totally disabled since November 16, 1973. The compensation court agreed, also finding that employee sustained eye damage which was work related because it was a consequence of the treatment for primary biliary cirrhosis. As stated, relator challenges the findings that employee contracted hepatitis, that it is work related, and that it caused employee to contract primary biliary cirrhosis.

The medical testimony on which these findings were made was in conflict. Dr. Gutzmann expressed the opinion that employee had viral hepatitis in November 1973 for the reasons stated above, that she had contracted it at her work through contact with patient carriers, and that it had become chronic. It was the doctor's further opinion, which he stated was expressed with reasonable medical certainty, that there was a causal connection between that disease and employee's contraction of primary biliary cirrhosis. Dr. Dickson agreed that employee could have had employment-related hepatitis in November 1973 and said that it was possible that hepatitis is a causative factor in primary biliary cirrhosis but that he could not say this with reasonable medical certainty. A third expert, Dr. John Fee, said that there was no evidence employee had had viral hepatitis and that he had seen no evidence that hepatitis is a cause of primary biliary cirrhosis.

The compensation court, as the trier of fact, resolved these conflicts by accepting the testimony of Dr. Gutzmann. Since that court could draw reasonable inferences either way, the findings must stand. *Dauphine v. City of Minneapolis, Dept. of Public Welfare,* Minn., 249 N.W.2d 463 (1977); *Grabowski v. Great Northern Oil Co.,* 283 Minn. 205, 167 N.W.2d 14 (1969).

Relator argues, however, that Dr. Gutzmann's opinion could not have been the basis of the finding of causal relation between employee's hepatitis and her primary biliary cirrhosis because it was not based on reasonable medical certainty. It is true that the cause of primary biliary cirrhosis is unknown. Dr. Gutzmann and Dr. Dickson agreed, however, that a leading theory is that the disease is an immunologic one in which a defense mechanism in the victim's body reacts inappropriately to an injury to the liver. Dr. Gutzmann based his opinion that hepatitis had been a causative factor in employee's contracting primary biliary cirrhosis on this theory and on employee's medical history, which he said offered no other explanation for her contracting primary biliary cirrhosis. We are satisfied the opinion had an adequate foundation and that the compensation court could accept the opinion as probably true.[1] It is well established that a medical opinion does not have to express absolute certainty, its truth need not be capable of demonstration, and it is sufficient if it is probably true. *Sullivan v. Hagstrom Const. Co.,* 244 Minn. 271, 69 N.W.2d 805 (1955). Accordingly, the decision of the compensation court is affirmed.

Employee is awarded $350 attorneys fees.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

---

1. Cf. *Boldt v. Jostens, Inc.,* Minn., 261 N.W.2d 92, filed herewith, sustaining a finding of causal relation between employee's work environment and her contraction of Goodpasture's Syndrome, a disease also thought to be immunologic in character but admittedly of unknown etiology, against claims that the opinion on which the finding was based lacked foundation and was not based on reasonable medical certainty.