Fred W. SCHULTZ, Respondent,

v.

MINNESOTA MARK IV HOMES,
INC., et al., Relators,

and

Veterans Administration Center of Sioux
Falls, South Dakota, Intervenor,
Respondent,

Blue Cross and Blue Shield of Minnesota,
Intervenor, Respondent.

No. 48886.

Supreme Court of Minnesota.

Feb. 16, 1979.

Fitch & Johnson, Minneapolis, for appellant.

Winzenburg, Halloran & Handevidt, Jackson, for Schultz.

Indru Advani, St. Paul, for Blue Cross and Blue Shield of Minnesota.

PER CURIAM.

Employer and insurer seek review of a decision of the Workers' Compensation Court of Appeals awarding employee compensation for a 15-percent permanent partial disability of the back and for temporary total disability from September 11, 1974, to the date of the compensation hearing on July 9, 1977, and continuing. They contend that as a matter of law temporary total disability benefits should be terminated as of September 1975. We cannot agree.

Relators' contention is based on the premise that the evidence conclusively established that in September 1975 employee was unemployable because of his excessive use of Valium, a drug first prescribed for him in the course of treatment at the Mayo Clinic in October 1974. Employee admitted using more than the prescribed amounts at times when, he said, his pain required it.[1] An employment consultant who attempted to find employee work in August 1975 testified to observing him twice when in her opinion he was "not in control of himself" because of his use of the drug. That evidence does not compel the inference that employee was constantly taking more than the prescribed amounts, and his efforts to secure employment or vocational retraining, although not successful, permit the inference that his use of the medication was not so great that it affected him adversely. Nor did the evidence compel the conclusion that the amounts prescribed were too great. The opinions of the medical experts on the propriety and the effect of those amounts were in conflict, presenting a question to be resolved by the court of appeals. *Dauphine v. City of Minneapolis, Dept. of Public Welfare*, 311 Minn. 551, 249 N.W.2d 463 (1977).

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.

---

1. In October 1974 employee's prescription was for 5 mg. to be taken 4 times a day. In February 1975 the dosage was increased to 10 mg. to be taken 4 times a day. He said that the directions on the bottle said 4 or 5 times a day and he sometimes took 6 pills in a day.