**Lianne C. SEVERSON, Relator,**

v.

**COLOR AD PACKAGING et al., Respondents.**

No. 48894.

Supreme Court of Minnesota.

March 16, 1979.

Castor, Ditzler & Klukas and W. Scott Mohn, Minneapolis, for relator.

Fitch & Johnson, Raymond W. Fitch, and Larry J. Peterson, Minneapolis, for respondents.

PER CURIAM.

Certiorari to review a decision of the Workers' Compensation Court of Appeals determining that a work-related injury sustained by employee on May 17, 1976, consisting of an aggravation of a prior non-work-related injury to her cervical spine, had resulted in temporary total disability until May 26, 1977, but that the condition of her cervical spine had by that date returned to its condition prior to the injury of May 17, 1976. We affirm.

Employee's job required her to pull bundles of plastic bags from a bag-making machine; she handled 24 bundles, weighing from 6 to 8 pounds, per hour and had no difficulty in performing the work. On January 30, 1976, she was involved in an automobile accident and sustained a whiplash injury which caused headache and subsequent stiffness and pain in her neck and right shoulder. Her personal physician, Dr. Richard Duff, thought at first that she had sustained strain to the muscles and ligaments in her neck. With rest, heat, and medication, her condition improved somewhat and she began working again part time in March. Continued pain and discomfort in her neck and shoulder prompted her to consult Dr. Marlen Strefling, an orthopedic surgeon, in April. He also thought her condition involved cervical muscle strain and a mild cervical sprain.

By the middle of May employee was working full days and thought her condition was improving. On May 17, 1976, she encountered some difficulty in pulling bundles from the machine. She claimed that she felt a "snap" in her shoulder followed by shoulder and neck pain and by difficulty in raising her right arm. Other employees helped her with her work for the rest of her shift, and she has not worked since that time.

Employee returned to Dr. Strefling on May 18, and he noted more limited range of motion than in April. She underwent physical therapy in June and July, but her symptoms did not improve greatly, and Dr. Strefling suspected a disc problem. A myelogram performed in November was apparently normal, but a cervical discogram performed in January 1977 revealed an abnormal disc at the C–5 level. It was Dr. Strefling's opinion that employee's condition will not change until a disc excision and cervical fusion are performed.

The employer-insurer voluntarily paid temporary total disability compensation until September 11, 1976, but filed a notice of discontinuance after Dr. David W. Florence, also an orthopedic surgeon, examined employee in August 1976 and reported that, in his opinion, employee's disability was caused by the automobile accident and was not related to her work activities subsequent to the accident. Her objection to the discontinuance led to the decision under review.

In this court, employee claims that the findings that the work injury did not result in disability after the date of the compensation hearing on May 26, 1977, and that by that date her cervical spine had returned to the condition which had existed prior to the work injury of May 17, 1976, have no factual basis. Our review of the

record requires rejection of this claim. No medical witnesses disagreed with Dr. Florence's opinion that employee's disc disease had been caused by the automobile accident and that she did not sustain a permanent injury as a result of the work incident. Dr. Duff stated that the work-related aggravation was a strain of the neck muscles and ligaments, an injury which he thought usually heals within 6 months to a year. Dr. Florence expressed the opinion that it had healed by August 1976. He also expressed the opinion that her disability thereafter was the result of the cervical disc disease alone, while the other doctors gave the opinion that it was the result of the combined trauma of the automobile accident and the work-related aggravation. As we have frequently stated, these conflicts in the opinions of medical experts must be resolved by the trier of fact and its findings will not be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly require reasonable minds to adopt contrary conclusions. *Dauphine v. City of Minneapolis, Dept. of Public Welfare,* 311 Minn. 551, 249 N.W.2d 463 (1977). Since that is not the case here, the decision must be affirmed.

Affirmed.