Grace M. BUSSE, etc., Respondent,

v.

QUALITY INSULATION COMPANY,
et al., Relators,

Quality Insulation Company, et
al., Respondents,

McArthur Insulation Company, et
al., Respondents,

Hickory Insulation Company, et
al., Respondents,

Armstrong Cork & Supply Co., et
al., Respondents,

Paul W. Abbott Insulation Company, and
unknown, Respondents,

Federal Army Cartridge Corp., et
al., Respondents,

Asbestos Products Company, et
al., Respondents,

Edward H. Anderson Insulation Co., et
al., Respondents,

Brand Insulation Company, et
al., Defendants,

and

Equitable Life Assurance Society,
intervenor, Respondent,

and

State Treasurer, Custodian of the Special
Compensation Fund, Respondent.

No. 81–768.

Supreme Court of Minnesota.

July 23, 1982.

Jardine, Logan & O'Brien and Mark A.
Fonken, St. Paul, for relators.

Paul J. Louisell, Duluth, for Busse.

Donovan, McCarthy, Crassweller, Larson
& Magie, Duluth, for Quality Insulation Co.,
et al.

Patrick D. Reilly, St. Paul, for McArthur Insulation Co., et al.

Ochs, Larsen, Klimek & Peterson and Bonnie Peterson, Minneapolis, for Hickory Insulation Co., et al.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan and Steven C. Eggimann, Minneapolis, for Armstrong Cork & Supply Co., et al.

Jeanne E. Knight, Minneapolis, for Paul W. Abbott Insulation Co.

Eugene W. Hoppe, St. Paul, for Federal Army Cartridge Corp., et al.

Chadwick, Johnson & Bridell and Paul Vallant, Minneapolis, for Asbestos Products Co., et al.

Cousineau, McGuire, Shaughnessy & Anderson and Fred Simon, Minneapolis, for Edward H. Anderson Insulation Co., et al.

Briggs & Morgan and Michael H. Streater, St. Paul, for Equitable Life Assurance Soc.

Warren Spannaus, Atty. Gen., and Thomas G. Lockhart, Sp. Asst. Atty. Gen., St. Paul, for State Treasurer, Custodian of the Special Compensation Fund.

TODD, Justice.

Karl Busse died of lung cancer related to asbestos exposure and cigarette smoking. He had been employed by several employers over a period of years and had been exposed to asbestos fibers during that time. The Workers' Compensation Court of Appeals upheld the compensation judge's finding that Quality Insulation, the last employer, and the insurer on the risk were fully liable for benefits although the employee had only limited exposure to asbestos during this last two months of employment. We reverse.

The employee, Karl Busse, had been employed for many years as a "pipe coverer." This job involved the application of asbestos-laden insulating material to high and low pressure steam and water pipes and other equipment. Busse began to work with asbestos materials in the 1940's and worked steadily for many different employers until June 20, 1976, when he became disabled. Busse worked for his last employer, Quality Insulation Company, for only one year, June 15, 1975 through June 20, 1976, the date of his disability. During that one year period, Lakeland Fire and Casualty Company (Lakeland), the relator-insurer, was on the risk for only two months, April 21, 1976 through June 20, 1976.

Karl Busse died of lung cancer on October 31, 1977, at the age of 66. His widow, Grace Busse, subsequently filed a claim for dependency benefits. On December 19, 1980, the Workers' Compensation judge awarded full dependency benefits to Mrs. Busse. Although medical testimony established that Karl Busse's lung cancer was likely caused by many years of high level asbestos exposure, the judge found the employee's exposure from April 21, 1976 to June 17, 1976, while employed at Quality Insulation, "was a substantial contributing factor to the advancement of the employee's progressive lung disease," and awarded the benefits against Quality Insulation and its insurer, Lakeland. The court of appeals upheld that finding.

The issues raised on appeal are:

1. Whether there is sufficient evidence to support a finding that Karl Busse's exposure to asbestos from April 21, 1976 to June 17, 1976 was a substantial contributing cause of his death from lung cancer.

2. Whether the compensation court erred by refusing to vacate a settlement entered into between Grace Busse and third party tortfeasors.

■ 1. Generally, in occupational disease cases, the last employer for whom the employee is working when he or she becomes disabled is solely responsible for compensation, and apportionment is allowed only in rare cases in which the medical testimony permits a precise allocation of liability among the several employers. *See Robin v. Royal Improvement Co.*, 289 N.W.2d 76 (Minn.1979); *Michels v. American Hoist & Derrick*, 269 N.W.2d 57 (Minn.

1978). In *Halverson v. Larrivy Plumbing & Heating Co.,* 322 N.W.2d 203 (Minn.1982), however, we held that the last employment must have been a substantial contributing cause of the employee's disability or death from the occupational disease. The compensation court found that Karl Busse's exposure to asbestos from April 21, 1976 to June 17, 1976, while employed by Quality Insulation, was a substantial contributing cause of his death from lung cancer.

During the last year that he worked, Karl Busse was employed by Quality Insulation Company, an insulation business operated by his son, Richard. During that one-year period, Lakeland Fire and Casualty Co. was Quality Insulation's insurer for only two months, beginning April 21, 1976 and continuing through Karl Busse's last day of work, June 17, 1976. On appeal, relators argue that it is both "absurd and ludicrous" to attach 100% of the liability for Workers' Compensation Benefits to an insurer on the risk for two months at the end of a 30 plus year work history of asbestos exposure. We agree that the evidence does not support a finding that Busse's employment during that time was a substantial contributing cause.

Beginning in about 1973, asbestos products were virtually discontinued as an insulating material, and products such as polyurethane and fiberglass were substituted as insulating materials. The evidence in this case establishes that during the two month period in question, all of the insulation that Karl Busse applied was asbestos free. Busse's only exposure to asbestos laden materials from April 21 to June 17, 1976 came during "patch and repair jobs" when he was required to remove old asbestos insulation from pipes and equipment. Richard Busse testified that his father experienced the most extensive asbestos exposure during the first week in June when he spent 16 to 20 man hours tearing old asbestos insulation off a large oven at the 3M Company plant. Karl Busse suffered at least one other exposure to asbestos during the two-month period while removing old asbestos insulation from a fan housing. Richard Busse estimated that the time required to tear off and clean up the insulation was approximately two hours. The evidence indicates that Karl Busse experienced approximately 25 hours of asbestos exposure during the time when Lakeland was on the risk.

The medical evidence in this case included the testimony of three internists, Dr. Richard Woellner, Dr. Mark Johnson, and Dr. John Shrontz. Dr. Woellner testified that Karl Busse's exposure to asbestos between April 27 and June 17, 1976 was not a substantial contributing cause of the lung cancer that caused his death. Dr. Woellner stated that he reached this conclusion for two reasons:

A: One is on the basis of the evidence. He didn't have a significant amount of asbestos exposure during that period of time. Secondly, the lag time between asbestos exposure and the development of cancer is known to be a very long period of time, and this would not be a close enough period of time—or this was too close a period of time, I am sorry.

Q: Is there any number of months or years lag time as a minimum that you could give us for the development of lung cancer from asbestos exposure?

A: Again, it is difficult to say. In the neighborhood of five to ten or more years.

Dr. Johnson testified in his deposition that even substantial *daily* exposure to asbestos during the period in question would not have been a substantial contributing cause of Karl Busse's lung cancer. The decision of the Court of Appeals can be affirmed only based upon the medical testimony of Dr. John Shrontz, testimony that was equivocal, inconsistent and confusing.

Dr. Shrontz first testified, in answer to a lengthy hypothetical question, that Karl Busse's exposure to asbestos between April and June of 1976 was not a significant contributing cause of Busse's death from lung cancer:

Q. Now Doctor, again, zeroing in on this particular period of time that I was talking about, from April 21, 1976 to

June 20 of '76, I would like you to assume that evidence has been offered in this case to indicate that there were two specific periods of time that Mr. Karl Busse was involved in removing old insulation before applying these new non-asbestos laden materials and old materials that he was removing did contain asbestos, although we're not so certain of the quantities, that one of these periods of time was on May 21 of 1976, at which time Karl Busse was involved with removing old insulation for the pipe fitters and doing some repair on insulation on a fan housing. Assume that—although it's not yet in evidence, the testimony will be that the process of removing the old insulation and cleaning it up would have taken four hours; in addition, there was a separate longer exposure when Karl Busse was involved in removing old insulation from the top of a large oven at the 3M Company. The oven measured somewhere from 40 to 50 feet long and 30 feet wide. Those are the approximate dimensions. And that the first step in replacing that insulation was to remove the old insulation. That there was some kind of a canvas backing over the top of this that had to be removed. Then the asbestos insulation could be picked up in chunks and thrown over the edge, that a broom would have to be used to sweep off the top of the oven and after that, shovel and broom would have to be used to make—clean up the mess before the new products could be installed.

And I want you to assume that the evidence will be that the total time of removing the old insulation, sweeping it up, cleaning it up so that the old insulation was out of the area was two full working days or a total of 16 hours.

Now, if you assume that the only exposure that Mr. Busse—Karl Busse had to asbestos products during the period of time from April to June of '76, was a total of 20 to 24 hours of actual work time exposure, do you have an opinion as to whether or not such a limited period of exposure as compared with the exposure of the many years in the past such as the history he gave you, would have been a significant contributing cause to Mr. Karl Busse's respiratory problems and his death?

A. Yes. In my opinion, the period of time that he worked from April of 1976 to June, 1976 as you've described it, was not a significant factor in the cause of his death or his respiratory problems. In other words, his exposure to asbestos over that period of time did not aggravate his lung disease significantly nor did it contribute to his death.

However, during cross-examination Shrontz was asked whether a "couple days" of asbestos exposure between September 1975 and June 1976 would have been a significant factor in the development of Karl Busse's lung disease, and he answered:

A. I think that if he spent two or three days working with asbestos by tearing it off pipes that could indeed be a significant exposure at that period in time in relation to his death.

Q. What regard would you feel that would be a significant exposure?

A. Because he developed cancer of the lung as a result of exposure to asbestos and as a result of cigarette smoking. He developed cancer of the lung sometime after 1975 and the exposure that he had in 1975, if it were two to three days, eight hours a day of tearing filler or tearing asbestos off pipes may very well have contributed to the development of his lung cancer.

Shrontz then testified that if Busse had worked only "a few hours patching on one occasion", that such an exposure would not have been a "significant contribution." Finally, Dr. Shrontz testified that if Karl Busse had been removed from the workplace *in 1975*, Busse probably still would have died from lung cancer at the time that he actually did die:

Q: If we assume that just for an example, a man who had similar circumstances, had asbestosis as of 1975, say

he quit working in the industry, would he have developed that cancer?

A: If he had stopped working in 1975?

Q: Yes.

A: Probably.

Q: And what would—would it have caused his death at the same time that he died?

A: Probably.

Q: Yes. But you just testified that the exposure during that period aggravated or accelerated his death; is that correct?

A: I said that I felt that any exposure more than one day could or was significant.

Q: Okay.

A: *You're trying to pin me down on something that I can hardly be pinned down on. I mean, we're talking about hourly exposures and it kind of makes me a little angry because I don't think there's any way to answer this and be perfectly right.* (emphasis added).

Dr. Shrontz's testimony is obviously contradictory. While he testified that 20 to 24 hours of exposure would not have significantly contributed to Karl Busse's death, he also stated that two or three days, 8 hours a day, of patch and repair work asbestos exposure "may very well have contributed to the development of his lung cancer." He then testified that even had Karl Busse experienced *no* exposure during all of 1976, Busse probably still would have died of lung cancer in October of 1977.

■ In reviewing the Workers' Compensation Court of Appeal's decision to uphold the compensation court's finding, we must determine whether the finding is based on credible evidence and it must not be disturbed unless it. is manifestly contrary to the evidence. *Lockwood v. Tower Terrace Mobile Homes*, 279 N.W.2d 51, 53 (Minn. 1979). Based upon our examination of the record, we conclude that the finding that Busse's employment by Quality Insulation was a substantial contributing cause of his death is not supported by the evidence.

2. Because Quality Insulation is not liable for workers' compensation benefits, the issue Quality raises regarding the *Naig* settlement between Grace Busse and the asbestos manufacturers need not be addressed.

The decision of the Workers' Compensation Court of Appeals is reversed and the matter is remanded for further proceedings in accordance with this opinion.

PETERSON, J., took no part in the consideration or decision of this case.