James WASHINGTON, deceased, by Anita WASHINGTON, Trustee, Relator,

v.

DONALDSON'S (MAJAC, INC.) and Employers Insurance of Wausau, Travelers Insurance Company, Respondents,

Group Health Plan, intervenor, Respondent.

No. C1-84-856.

Supreme Court of Minnesota.

Dec. 21, 1984.

---

Richard A. LaVerdiere, Hastings, for relator.

R.V. Illgen, Minneapolis, for Travelers Ins. Co.

Bonnie A. Peterson, Minneapolis, for Employers Ins. of Wausau.

Randall W. Sayers, St. Paul for Group Health Plan, Inc.

WAHL, Justice.

Employee, James Washington, died on March 6, 1982, of asbestosis and carcinoma of the lungs. Relator, his widow, was awarded dependency compensation and accrued disability compensation by a compensation judge who determined that employee's exposure to asbestos during his employment with Donaldson's from 1973 through 1977 had contributed substantially to the diseases which caused his disability and death. She now seeks review of a decision of the Workers' Compensation Court of Appeals which reversed the award on the ground that employee had not sustained a compensable injury in this state. We reverse and remand for reinstatement of the award.

For many years the deceased employee was an operator of machinery used by Majac to pulverize various products, many of which contained asbestos. He performed this work in Pennsylvania from 1951 until 1973. Donaldson's, a Minnesota corporation which acquired Majac in 1972, then moved the plant to Tulsa, Oklahoma, and transferred employee. Although placed in charge of the operation, he continued to operate the machinery. In February 1975 X-rays disclosed that employee had asbestosis. In August of 1977 Donaldson's moved the plant to Roseville, Minnesota, and employee was again transferred. He performed the same work until November 1979, when he became a field engineer, a position requiring him to install or inspect machinery for customers. The evidence relating to the extent of employee's exposure to asbestos during these periods of employment, and the medical opinions concerning their effect, need not be detailed because the parties do not challenge the compensation judge's finding, affirmed by the WCCA, that employee's diseases, disability, and death were not a substantial result of exposure to asbestos after 1977, but were a substantial result of the cumulative effects of his work from 1973 through 1977. The compensation judge imposed liability for the compensation awarded employee's widow on Employers Insurance of Wausau, Donaldson's' Minnesota compensation insurer from 1968 through July 1979. Travelers Insurance Company, Donaldson's' carrier from July 31, 1979, to August 4, 1981, the date on which employee was hospitalized with a collapsed lung, was initially a party but was dismissed for reasons stated below.

Donaldson's and Employers Insurance appealed the compensation judge's decision to the WCCA, contending that the State of Minnesota had no jurisdiction over the compensation and dependency claims because

employee's disability and death had been found to be a substantial result of out-of-state exposure to asbestos. Alternatively, they contended that *Flowers v. Consolidated Container Corp.*, 336 N.W.2d 255 (Minn.1983), a decision filed July 15, 1983, a day after completion of the compensation hearing, required imposition of liability on Travelers.

The majority of the WCCA ignored the jurisdiction issue and also rejected the argument that *Flowers* was applicable, grounding their decision on their conclusion that employee did not sustain a compensable injury in Minnesota because his exposure to asbestos here had not been a substantial contributing or aggravating factor in the progression of his diseases.

■ We turn first to the question of whether employee sustained a compensable injury in Minnesota, and we conclude that he did. Minn.Stat. § 176.011, subd. 16 (1982), defines personal injury to mean "injury arising out of and in the course of employment and includes personal injury caused by occupational disease." Minn. Stat. § 176.66, subd. 1 (1982), provides that disablement of an employee resulting from an occupational disease "shall be regarded as a personal injury within the meaning of the workers' compensation law," and there is no dispute that employee's disablement occurred on the day he was hospitalized with a collapsed lung. By that date, August 4, 1981, his occupational diseases had progressed to the point of interfering with his bodily functions to such an extent that he could no longer perform the duties of his employment. *Dunn v. Vic Manufacturing Co.*, 327 N.W.2d 572 (Minn.1982). Employee thus sustained a personal injury in this state. It is clear also that Minn. Stat. § 176.011, subd. 15 (1982), defining occupational disease, does not require that the diseases constituting that injury have been the consequence of an exposure *in this state* occasioned by the nature of the employment. There is no question that employee's diseases were the consequence

of his exposure to asbestos in the course of his employment by Donaldson's, and we will not read into the statute a requirement that significant exposure must have occurred in Minnesota. To do so would entirely ignore the interest of the state in the welfare of its citizens and would deprive an employee who was a resident of this state, became disabled in this state, and required medical care in this state, of workers' compensation coverage here. These considerations require us to reverse the unfounded conclusion of the majority of the WCCA that employee did not sustain a compensable injury in Minnesota, and to hold that he did sustain compensable injury here.

■ The issue next raised is whether *Flowers* requires imposition of liability on Travelers. The position of relator's counsel on this issue is unclear, but Employers Insurance urges that *Flowers* requires that liability be imposed on Travelers because it was Donaldson's' compensation insurer on the date of employee's disablement. The compensation judge concluded that *Flowers* does not apply in the circumstances of this case. As relator points out, the bright line rule adopted in *Flowers* appears to be susceptible to more than one interpretation and therefore to require further explication. We do not undertake that task now because of the parties' agreement at the compensation hearing on the rule which would determine which insurer would be liable for compensation awarded relator.

The record reveals that on the first day of the compensation hearing, July 13, 1983, all parties and the compensation judge agreed that *Halverson v. Larrivy Plumbing & Heating Co.*, 322 N.W.2d 203 (Minn. 1982), and *Busse v. Quality Insulation Co.*, 322 N.W.2d 206 (Minn.1982), holding that liability for disability or death resulting from an occupational disease could not be imposed on the last of multiple employers and insurers unless the period in which the employee worked for the last employer had been a substantial contributing cause of his disease, governed this case and re-

quired imposition of liability on the insurer on the risk during the last period in which employee's exposure to asbestos had been a substantial factor in the development or progression of his disease. Based on that understanding of the law, at the close of relator's case Travelers moved for dismissal because she had not proved an exposure of that kind during its period of coverage. Neither relator nor Employers Insurance objected to the dismissal, and the motion was granted. Two days later this court's decision in *Flowers* was issued.

Two weeks later relator moved to reopen the case for additional testimony. Donaldson's and Employers Insurance did not make a similar request. Travelers appeared specially to object, and the compensation judge refused to reopen the case. Employers Insurance did not object to this refusal and did not claim on its subsequent appeal to the WCCA that employee's petition for reopening should have been granted. Instead, the major thrust of that appeal was the assertion that this state did not have jurisdiction over the compensation claims made by relator. In light of the parties' agreement that responsibility for the compensation award was to be placed on the insurer which was Donaldson's' carrier during the last period in which employee's exposure had been a substantial contributing factor in his disease, the acquiescence of Employers Insurance in the dismissal of Travelers during the hearing, and its subsequent indifference to the outcome of relator's motion to reopen the matter, we believe that fairness precludes Employers Insurance from shifting its position at this time and claiming that Travelers is the carrier liable for the compensation award. Thus, the law applicable to this case is that to which the parties agreed, and the compensation judge correctly imposed liability for the award on Employers Insurance.

Relator is awarded $400 attorney fees.

Reversed and remanded for reinstatement of the compensation judge's order awarding compensation.