Raymond POLASCHEK, Respondent,

v.

ASBESTOS PRODUCTS, INC. and
Home Insurance Company,
Respondent,

E & S Insulation and North River
Insurance Company, Respondent,

E & S Insulation and Home Insurance
Company, Respondent,

E & S Insulation Company and Aetna
Fire Underwriters Insurance
Company, Respondent,

Hickory Insulation Company and
Maryland Insurance Company,
Respondent,

Ed H. Anderson Company and
Fireman's Fund Insurance
Company, Respondent,

Asbestos Insulation & Supply and
Bituminous Insurance Company,
Respondent,

Asbestos Insulation & Supply and
Reliance Insurance Company,
Respondent,

Hippler Insulation Company and
Western Fire Insurance
Company, Relators.

No. C7–84–747.

Supreme Court of Minnesota.

Jan. 25, 1985.

George S. Roth, Scott B. Lundquist, Minneapolis, for relator.

Michael S. Polk, Hastings, for respondent Polaschek.

Debra A. Wilson, Minneapolis, for respondents Asbestos Products, Inc., and Home Ins. Co.

Gary A. Hagstrom, Minneapolis, for respondents E & S Insulation and North River Ins. Co.

Richard Reimer, Minneapolis, for E & S Insulation and Home Ins. Co.

Ellen L. Maas, Minneapolis, for respondents Hickory Insulation and Maryland Ins. Co.

Garland C. Brandt, Minneapolis, for E & S Insulation and Aetna Fire Underwriters Ins. Co.

Thomas L. Johnson, Minneapolis, for respondents Ed H. Anderson Co. and Fireman's Fund Ins. Co.

George R. Benton, Minneapolis, for respondents Asbestos Insulation & Supply and Bituminous Ins. Co.

Louis R. Tilton, Minneapolis, for Asbestos Insulation & Supply and Reliance Ins. Co.

KELLEY, Justice.

This case again requires that we review a decision of the Workers' Compensation Court of Appeals resolving which of several employers is required to pay compensation awarded to an insulation worker disabled by asbestosis. A further question is whether the amount of employee's benefits is to be determined by the law in effect at the time of his last substantial causative exposure to asbestos or by the law in effect on the date of his disablement. Having concluded that the compensation judge's imposition of liability was based on a finding having substantial evidentiary support in view of the entire record and that he correctly refused to apply the bright line rule adopted by this court in *Flowers v. Consolidated Container Corp.*, 336 N.W.2d 255 (Minn.1983), we reverse the decision of the Workers' Compensation Court of Appeals which substituted a contrary finding relative to employee's last substantial causative asbestos exposure and imposed liability on the last employer and insurer. However, we hold that the WCCA correctly determined that employee was entitled to receive compensation pursuant to the law in effect on the date of his disablement.

Employee, who was exposed to asbestos in the course of his work between 1948 and June 10, 1981, and suffered disablement requiring him to stop working on June 11, 1981, brought this proceeding against six employers and their nine insurers to obtain compensation. In July 1982 this court had held that when an employee is disabled by an occupational disease, liability cannot be imposed on the last of multiple employers unless the last employment was a substantial contributing cause of the employee's disability. *Busse v. Quality Insulation Company*, 322 N.W.2d 206 (Minn.1982); *Halverson v. Larrivy Plumbing & Heating Co.*, 322 N.W.2d 203 (Minn.1982). Consequently, at the hearing before the compensation judge, conducted

in January and May 1983, all parties focused on the factual issue of what employment exposure had been the last one to be a substantial contributing cause of employee's disablement. Employee testified about the nature of his work through the years and the amount of asbestos exposure he had sustained. From 1948 until 1973 he applied many insulating materials containing asbestos, and during this period he was also exposed to asbestos when his work required him to remove old insulation from pipes and boilers. After 1973 asbestos was no longer used in new products, but employee still encountered it when his work required him to tear out old insulation. The parties stipulated that employee had worked for several employers for varying periods prior to October 1971; worked for E & S Insulation, then insured by North River Insurance Company, from October 1, 1971, to sometime in October 1974; worked for E & S, then insured by other carriers, from December 1976 to March 1977 and from September 15, 1978, to August 14, 1979; and worked for Hippler Insulation Company, insured by Western Fire Insurance Company, from March 1, 1980, to June 10, 1981.

Based on employee's unrefuted testimony, the compensation judge found that during the 1971–1974 period employee had substantial exposure to harmful asbestos fiber dust while doing tear outs of old insulation and also had some exposure to asbestos when applying new insulation. The compensation judge found also that this exposure had been a substantial contributing cause of employee's disablement and disability, and that his subsequent occupational exposure, both with E & S and with Hippler, had not been. These findings resolved conflicting medical opinions on the effect of employee's asbestos exposure.

Dr. Thomas Arnold, an internist, was uncertain that employee has asbestosis and expressed the opinion that he suffers from a chronic mild obstructive lung disease and mild pulmonary fibrosis caused by smoking cigarettes for many years. This opinion was not accepted by the compensation judge. Dr. Charles Drage agreed that employee has chronic obstructive lung disease, but also agreed with the other medical witness, Dr. Suresh Lagalwar, that employee has asbestosis which has resulted in total disability and a 50 percent permanent partial disability of the body as a whole.

Dr. Drage, a professor at the University of Minnesota and the director of the pulmonary function laboratory at the Ramsey Medical Center, said that there is a lag time between exposure to asbestos and the progression of the disease to the point at which it can be diagnosed. After reviewing X-rays of employee's lungs, the witness said that a 1965 X-ray did not reveal the disease, but a 1973 film did, indicating that abnormal X-ray changes had occurred more than 17 years after employee's first exposure to asbestos in 1948 and at most 25 years after that time. Dr. Drage felt that all of employee's employment exposure in the period from 1948 to 1973 had been very heavy and had been a substantial contributing cause of the disease, but he also said that the exposure during the 3-year period of employment with E & S between October 1971 and October 1974 "could very well have been a significant factor" and that, based on the time lag characteristic of the disease, employee's exposure during his subsequent employment was not a substantial contributing cause of his disease and disability because exposure within two to five years prior to his disablement had thus far contributed very little, if at all, to his condition.

Dr. Lagalwar, employee's treating physician since May 1981, disagreed. He expressed the view that employee's exposure during the period with Hippler between March 1980 and June 10, 1981, was a substantial aggravating cause of his disablement and disease. Dr. Lagalwar said that the disease process is a cumulative one and that the body's ability to defend itself decreases as the process continues.

The compensation judge's memorandum contains a thoughtful analysis of the conflicting medical testimony. The judge noted that Dr. Drage ruled out exposure after

1976 as a substantial causative factor in employee's disablement on June 11, 1981, that employee had no exposure to asbestos from October 1974 until December 1976, and that Dr. Drage had viewed the period from October 1971 to October 1974 as a substantial contributing factor in employee's disablement. The judge did not accept Dr. Lagalwar's opinion that the last exposure had been a substantial aggravating factor because on cross-examination that witness had contradicted this opinion when he said that he did not know whether employee's condition by 1982 would have been the same if he had had no further exposure to asbestos after 1975 and that a recent decrease in employee's pulmonary function capacity as shown by a pulmonary function stress test would have been the same if employee had not had asbestos exposure after 1975. The compensation judge noted also that Dr. Lagalwar had given no testimony in this case about the time lag concept, but in another one had indicated that any time over 2 years after exposure "is a very significant period to cause increased symptoms." On the basis of Dr. Drage's consistent opinion, the compensation judge found the 1971–1974 employment period was the last one in which employee's asbestos exposure had contributed substantially to cause or aggravate his disease. He determined also that employee has been temporarily totally disabled since June 11, 1981, and has a 50 percent permanent partial disability of the body as a whole due to lung impairment. He awarded compensation for permanent partial disability and accrued temporary total disability amounting to $35,080 and continuing temporary total disability benefits of $100 a week, the maximum rate in 1974.[1]

▉ Less than 2 weeks before the compensation judge's decision was issued, this court had held in *Flowers* that when an employee suffers disablement from an occupational disease in the course of a single employment, a "bright line rule" should be applied to impose liability on the insurer on the risk when the disease results in disability. *Flowers*, 336 N.W.2d at 257. Recognizing that we had expressly limited application of that rule to single-employment situations, the compensation judge imposed liability on E & S and North River, the employer and insurer during the last employment period found to have been a substantial contributing factor in employee's disablement and disability.

On appeals taken by employee and by E & S and North River, a WCCA panel set aside the finding and determination, substituting a finding that employee sustained a personal injury in the nature of asbestosis as a substantial result of the effects of his exposure to asbestos during his last period of employment with Hippler. Accordingly, the panel imposed liability for the benefits awarded employee on Hippler and Western, but did not increase the amount of the award made by the compensation judge. The panel wrote separate opinions. Judge Wallraff urged that the bright line rule should be extended to those cases in which an employee who has been exposed to asbestos in many employments contracts asbestosis and ultimately suffers disablement. Judge Gard agreed, arguing that the bright line rule was a reasonable if not entirely equitable means of assessing liability in multiple-employment situations. He also concluded, as did Judge Rieke, that employee's exposure during his work with Hippler had been "significant."

Two weeks later the WCCA amended its decision to determine that employee was entitled to an award of $85,595, representing compensation for permanent partial disability based on the maximum weekly rate of $244 in effect on June 11, 1981, and for accrued temporary total disability at that rate with the adjustments required by Minn.Stat. § 176.645 (1982), and also was entitled to receive continuing temporary total disability benefits at the weekly rate of $244 subject to applicable provisions of the Workers' Compensation Act.

---

1. The parties stipulated that employee's wages entitled him to compensation at the maximum rates in effect throughout his various periods of employment.

In this court Hippler and Western seek reversal of the WCCA's decision, contending first that the panel exceeded its powers of review in substituting the finding that employee had suffered disablement as a substantial result of the effects of his occupational exposure during the period from March 1, 1980, through June 10, 1981, while employed by Hippler. It is apparent that the panel did not consider the scope of their review of the compensation judge's decision. We recently addressed that issue in *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, (Minn., filed November 21, 1984). There we construed the 1983 amendments of the appellate review sections of the Workers' Compensation Act, concluding that Minn.Stat. §§ 176.421, subds. 1 and 6, and 176.441, subd. 1 (1983 Supp.) require the WCCA to perform an appellate review function and empower that court to substitute its own findings of fact only if the compensation judge's findings and order are unsupported by substantial evidence in view of the entire record as submitted. We said that this means the compensation judge's findings are to be affirmed if, in the context of the record as a whole, they are supported by evidence that a reasonable man might accept as adequate. In its review the WCCA is to look at all of the evidence, but, we cautioned, must give due weight to the opportunity of the compensation judge to evaluate the credibility of witnesses appearing in person before him and, when the evidence permits more than one inference reasonably to be drawn, must uphold the findings of the compensation judge.

We conclude that the WCCA exceeded its powers of review in substituting its finding that employee's disablement was a substantial result of his asbestos exposure between March 1980 and June 10, 1981. The compensation judge's finding was clearly supported by evidence that a reasonable mind could accept as adequate to support the conclusions that the exposure to asbestos in the 1971–1974 period was a substantial contributing cause of the progression of employee's disease and of his ultimate disablement and that the occu-

pational exposure following 1976 did not contribute substantially to his disablement. Consequently, the compensation judge's findings must be reinstated.

E & S and North River nevertheless urge that because employee did have some asbestos exposure during his last period of employment, liability for the compensation awarded him should have been imposed on the last employer-insurer. However, the compensation judge correctly determined that the rule adopted in *Flowers* was applicable only to single-employment situations. In that case we justified adoption of the rule imposing liability on the insurer on the risk at the time of disability on the ground that when an employee has worked for a single employer during the development of his disease, "requisite causation" exists to impose liability on that insurer. 336 N.W.2d at 257. That cannot be said when an employee has worked for many employers, and in *Busse* and *Halverson* we held that liability cannot be imposed on the last employer-insurer unless that employment was a substantial contributing cause of the employee's disease. *Busse*, 322 N.W.2d at 208; *Halverson*, 322 N.W.2d at 204–05. The rule of those cases governs here.

The other issue, the amount of benefits to be awarded employee, requires little discussion. The law in effect on the date an employee sustains a compensable injury governs the amount of compensation to which he is entitled. *Abram v. Art Goebel Ford*, 327 N.W.2d 88, 90–91 (Minn. 1982). Disablement by an occupational disease is such an injury. *See* Minn.Stat. § 176.011, subd. 16, and 176.66, subd. 1 (1982). The WCCA's amended decision correctly applied the statutes in effect on June 11, 1981, to determine the amount of employee's compensation award.

Reversed in part, affirmed in part, and remanded for reinstatement of the findings of the compensation judge and an award of compensation as directed herein against E & S and North River.

The decision of the WCCA is reversed, and the matter is remanded for reinstate-

ment of the decision of the compensation judge.

COYNE, J., took no part in the consideration or decision of this case.