Robert J. BERTRAND,
employee, Respondent,

v.

API, INC. and Bituminous Insurance Company, API, Inc. and Insurance Company of North America, API, Inc. and Employers Insurance of Wausau, G.A. MacArthur Company and American Mutual Insurance Company, G.A. MacArthur Company and Hartford Insurance Company, Vono Pipe Covering and Iowa National Mutual Insurance Company, Hayes Insulation and Associated Indemnity Company, E.H. Anderson Company and AID Insurance Company, E.H. Anderson Company and Fireman's Fund Insurance Company, E.H. Anderson Company and CNA Insurance Company, E.H. Anderson Company and Connecticut Indemnity Company, Hickory Insulation and Argonaut Insurance Company, E & S Insulation Company and Aetna Life and Casualty, State Treasurer, Custodian of the Special Compensation Fund, General Pipe Covering and Great Central Insurance Company, Respondents,

and

General Pipe Covering and Minnesota Mutual Insurance Company, Relators.

No. C8–84–1664.

Supreme Court of Minnesota.

March 22, 1985.

Richard Laverdiere, Hastings, for respondent-employee.

John R. Bridell, Minneapolis, for respondent API, Inc. and Bituminous Ins. Co.

Patrick E. Mahoney, Minneapolis, for API, Inc. and Ins. Co. of North America.

Robert J. Mabel, Minneapolis, for API, Inc. and Wausau Ins. Companies.

Gerald M. Linnihan, St. Paul, for G.A. MacArthur Co. and American Mut. Ins. Co.

Patrick D. Reilly, St. Paul, for G.A. MacArthur Co. and Hartford Ins. Co.

Robert McCollum, Minneapolis, for Hayes Insulation and Associated Indem.

Michael J. Koshmrl, Minneapolis, for E.H. Anderson and AID Ins. Co.

Bradley N. Beisel, Minneapolis, for E.H. Anderson and Fireman's Fund Ins. Co.

Louis R. Tilton, Minneapolis, for E.H. Anderson and Connecticut Indem. Co.

Gary M. Olson, St. Paul, for Hickory Insulation Co. and Argonaut Ins. Co.

Victor C. Johnson, Minneapolis, for General Pipe Covering and Great Central Ins. Co.

Janet A. Flom, Minneapolis, for Vono Pipe Covering and Nat. Ins. Co.

Thomas Lockhart, St. Paul, for Special Compensation Fund, Sp. Asst. Atty. Gen.

Robert G. Gubbe, Edina, for relator Gen. Pipe Covering and Minn. Mut. Fire and Cas. Co.

KELLEY, Justice.

The Workers' Compensation Court of Appeals reversed a determination by a compensation judge imposing liability for employee who contracted asbestosis upon the employer and insurer at the time when the disease resulted in disability in accordance with *Flowers v. Consolidated Container Corp.*, 336 N.W.2d 255 (Minn.1983). Instead, the Workers' Compensation Court of Appeals imposed liability upon the employer and insurer during the period of last substantial exposure of the employee to asbestos. Because the "bright line" rule of *Flowers* is limited to the case where the employee sustained prolonged exposure while working for the same employer, we affirm.

From 1956 through February 1981, the employee worked full-time as an asbestos insulation worker for eight or more different employers. In February 1981, he learned from his physician that he had contracted asbestosis and was advised that he should avoid further contact with the substance. At that time he was employed by E.H. Anderson Company who was insured for workers' compensation insurance by Connecticut Indemnity Company. Employee worked for E.H. Anderson Company only three weeks. During that time he was exposed to residual asbestos dust only during the last four days of his employment. The compensation judge specifically found the employee's work for the Anderson Company was not a substantial cause of his asbestosis. The judge also found that while working for General Pipe Covering from November 1978 through January 1981, the employee was exposed to substantial quantities of asbestos, especially during the 1979–1980 period. The judge further found that the employee sustained no substantial exposure to asbestos after leaving that firm. Notwithstanding these findings, the compensation judge applied the "bright line" rule of *Flowers v. Consolidated Container Corp.*, 336 N.W.2d 255 (Minn.1983) and ordered that E.H. Anderson Company, the last employer, and its insurer were liable to pay compensation for the employee's asbestosis.

■■■■ The Workers' Compensation Court of Appeals reversed. It held that

the *Flowers* "bright line" rule did not apply to multiple employment situations.[1]

 Thus the issue on appeal is whether the *Flowers* "bright line" rule applies to cases of occupational disease contracted during multiple employments. We originally resolved this issue in *Polaschek v. Asbestos Products, Inc.*, 361 N.W.2d 37 (Minn.1985). We stated there:

> [T]he compensation judge correctly determined that the rule adopted in *Flowers* was applicable only to single-employment situations. In that case we justified adoption of the rule imposing liability on the insurer on the risk at the time of disability on the ground that when an employee has worked for a single employer during the development of his disease, 'requisite causation' exists to impose liability on that insurer. 336 N.W.2d at 257. That cannot be said when an employee has worked for many employers, and in *Busse* and *Halverson* we held that liability cannot be imposed on the last employer-insurer unless that employment was a substantial contributing cause of the employee's disease. The rule of those cases governs here.

*Id.* at 42 (citations omitted). *See also, Abram v. Art Goebel Ford*, 327 N.W.2d 88 (Minn.1982); *Busse v. Quality Insulation Company*, 322 N.W.2d 206 (Minn.1982); *Halverson v. Larrivy Plumbing & Heating Company*, 322 N.W.2d 203 (Minn. 1982).

 Inasmuch as the compensation judge explicitly stated in his memorandum that liability would have to be assessed against General Pipe Covering and its insurer, Minnesota Mutual Insurance Company, absent the applicability of *Flowers*, a remand is unnecessary. Accordingly, the decision of the Workers' Compensation Court of Appeals is affirmed.[2]

1. The Workers' Compensation Court of Appeals applied Minn.Stat. 176.66, subds. 10 and 11, in part at least, in reaching this conclusion. This was error because the statute became effective October 1, 1983. Act of June 7, 1983, ch. 290, § 176, 1983 Minn.Laws 1310, 1405. Both the compensation judge and the Workers' Compensation Court of Appeals found that disablement occurred on February 20, 1981. Since the law in effect at the time of employee's disablement governs his claim, *Polaschek v. Asbestos Products, Inc.*, 361 N.W.2d 37 (Minn.1985), Minn. Stat. § 176.66, subd. 10, is inapplicable to this dispute. We note no provision in Minn.Stat. § 176.66, subd. 10, which gives it retroactive effect. *See* Minn.Stat. § 645.21 (1984). Nevertheless, this error is immaterial because the case law discussed in the text is merely codified by Minn.Stat. § 176.66, subd. 10.

2. In their statement of the case, General Pipe Covering and Minnesota Mutual Insurance Company proposed on appeal to raise an issue whether the employee was "disabled" within the meaning of Minn.Stat. § 176.66 (1984). However, they did not argue this issue in the brief. Accordingly, this issue is deemed waived. *Koppinger v. City of Fairmont*, 311 Minn. 186, 189, n. 2, 248 N.W.2d 708, 711, n. 2 (1976); *Pautz v. American Insurance Co.*, 268 Minn. 241, 251–52, 128 N.W.2d 731, 738 (1964); *Louden v. Louden*, 221 Minn. 338, 339, 22 N.W.2d 164, 166 (1946); *Kaehler v. Kaehler*, 219 Minn. 536, 537, 18 N.W.2d 312, 313 (1945).