**Betty HOFFMAN, Respondent,**

v.

**GOPHER STATE SILICA and Employers Insurance of Wausau, Relators.**

**No. C9–86–1869.**

Supreme Court of Minnesota.

May 1, 1987.

Allen C. Mueller, Minneapolis, for relators.

Betty Hoffman, pro se.

Harold W. Schultz, II, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Dept. of Labor and Industry.

WAHL, Justice.

The Medical Services Review Board denied the employee's claim for expenses incurred as a result of a hospitalization in August 1982, and the Workers' Compensation Court of Appeals (WCCA) reversed. We reverse.

Betty Hoffman (employee) sustained a low back injury on January 31, 1974 while employed by Gopher State Silica (employer) as a sand tester. She has been temporarily totally disabled since that date and employer and its workers' compensation insurer, Employers Insurance of Wausau, have paid disability compensation accordingly. Employee initially was treated by Dr. M.D. Olmanson of St. Peter, Minnesota. In 1976, employee moved from LeSueur, Minnesota to Ottawa, Illinois where she immediately began treatment with Dr. James Pelton.

Since the date of her injury in 1974, employee incurred substantial medical expenses and hospital bills. Employee was hospitalized annually 2 or 3 times per year for periods approximating 10 days per hospitalization. Each time employee received conservative treatment consisting of traction, medication and physical therapy.

April 15, 1982, employer/insurer had employee examined by Dr. Robert Thompson, an orthopedist in Chicago, Illinois. In a letter dated April 15, 1982, Dr. Thompson expressed his opinion that further hospitalization was unnecessary and recommended that further treatment be done on a home-care or out-patient basis. Employee received a copy of Dr. Thompson's letter. Employer/insurer notified employee's attorney that based on Dr. Thompson's report, they would not be responsible for further hospitalization expenses of the type incurred in the past.

August 4, 1982, employee was again hospitalized for recurring back pain. The treatment involved in this hospitalization was the same as that given in prior hospitalizations. The bill for the August 1982 hospitalization was $2,336.90. Employer/insurer refused to pay this bill.

February 1983, employee experienced another exacerbation of her back pain and Dr. Pelton again recommended hospitalization. Employee's husband objected to the hospitalization because of employer/insurer's refusal to pay the August 1982 hospital bill. He then bought a hospital bed and traction

unit for which he was later reimbursed by employer/insurer. Employee testified that her home hospital bed and traction unit along with medication and out-patient physical therapy offered her the same type of relief she received by her prior hospitalizations.

May 2, 1983, employee filed a claim petition seeking payment of the August 1982 hospital bill to which employer/insurer objected. The matter came on for administrative conference before rehabilitation specialist Donald Loscheider on May 4, 1984; and he issued his order on June 20, 1984, granting employee's claim. Employer/insurer appealed the order to the Medical Services Review Board.

The hearing before the Medical Services Review Board was held January 24, 1985. The record before the review board consisted of the depositions of employee and her husband, a medical report of Dr. Robert Thompson dated April 15, 1982, a medical report of Dr. James Pelton and other medical reports and copies of the records from employee's various hospitalizations.

In July 1985, the review board issued its decision finding that employer/insurer were not liable for the August 1982 hospital bill because the hospitalization was not reasonable and necessary as required by Minn.Stat. § 176.135, subd. 1 (1982). On appeal, the WCCA (2–1) reversed.

1. The first issue raised in this appeal concerns the WCCA's standard of review of a Medical Services Review Board's decision.

In *Gutz v. Honeywell, Inc.*, 399 N.W.2d 557 (Minn.1987), this court held that the WCCA does not review decisions of the rehabilitation review panel *de novo*. In *Gutz* this court stated:

> Minn.Stat. § 176.102, subd. 6 (1984) says: "This decision of the panel may be appealed to the workers' compensation court of appeals in the same manner as other matters appealed to the court." We construe the phrase "in the same manner" to mean that the court of appeals' review of the panel's decisions is the same as its review of a decision by a compensation judge. *Cf. State v. Finne-*

*gan*, 188 Minn. 54, 63, 246 N.W. 521, 525 (1933) (the word "manner" is comprehensive and not necessarily restricted to mere form). In other words, the WCCA reviews the findings and order of the review panel to determine if supported by substantial evidence; if not, the WCCA may then, but only then, substitute its own findings. *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54 (Minn.1984). Not only does this interpretation give consistency to the WCCA's role as an appellate body in the workers' compensation system, but it furthers the legislative intent to reduce the number of appeals with resultant savings in time and cost to the system. *Id.* at 59. Moreover, a review panel is a kind of administrative agency acting in a quasi-judicial manner where the standard of review traditionally has been under the substantial evidence rule. *See, e.g., Taylor v. Beltrami Electric Cooperative,* 319 N.W.2d 52, 56 (Minn.1982).

*Gutz,* 399 N.W.2d at 562.

Minn.Stat. § 176.103, subd. 3(b) (Supp.1983) provides that decisions of the Medical Services Review Board "may be appealed to the workers' compensation court of appeals." Although the phrase "in the same manner" is not included in this provision as it is in the statute dealing with appeals from the rehabilitation review panel, we conclude that the legislature intended that the WCCA use the same standard of review for the decisions of the review board as it does for the decisions of the review panel. We therefore hold that the WCCA does not conduct a *de novo* review of the review board's decision, but rather reviews the decision under the traditional substantial evidence rule.

2. Next we must consider whether the WCCA exceeded its review powers in reversing the decision of the Medical Services Review Board in this case. Minn. Stat. § 176.135, subd. 1 (1982) provided in relevant part:

> The employer shall furnish any medical * * * and hospital treatment * * * as may reasonably be required at the time

of the injury and any time thereafter to cure and relieve from the effects of the injury.

In this case the review board accepted the opinion of Dr. Thompson that employee did not need to be hospitalized for every recurrence of back pain. This opinion was supported by employee's testimony that while the hospitalizations did provide symptomatic relief for a short period of time, she also obtained the same relief from home traction and out-patient therapy.

The board, in performing its statutory medical monitoring function, is directed to consider the following factors in the priority listed:

(1) the clinical effectiveness of the treatment;

(2) the clinical cost of the treatment; and

(3) the length of time of treatment.

Minn.Stat. § 176.103, subd. 3. In this case, more cost effective treatments were available and these out-patient treatments were as effective as hospitalizations. Under these circumstances, and even though employee's treating physician had recommended the August 1982 hospitalization, the Medical Services Review Board's decision denying payment of the August 1982 hospital bill was supported by substantial evidence. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984). The WCCA therefore exceeded its authority in reversing that decision. *Polaschek v. Asbestos Products, Inc.*, 361 N.W.2d 37 (Minn.1985).

The decision of the Workers' Compensation Court of Appeals is reversed and the decision of the Medical Services Review Board reinstated.