AILI V. HARRISON v. SCHAFER CONSTRUCTION COMPANY AND ANOTHER.
UNITED OF OMAHA, INTERVENOR.

244 N. W. 2d 152.

July 2, 1976—No. 45904.

*Chadwick & Johnson* and *Richard J. Chadwick*, for relators.

*Grose, Von Holtum, Von Holtum, Sieben & Schmidt* and *Timothy J. McCoy*, for respondent.

*Cragg & Bailly* and *David A. Bailly*, for intervenor.

PER CURIAM.

Review on certiorari of a decision of the Workers' Compensation Board awarding dependency benefits to claimant, wife of the decedent employee. The issues raised are whether the board's findings are supported by substantial competent evidence and whether modification of the award is required by Minn. St. 176.101, subd. 6.

Decedent died on December 17, 1973, of secondary complicating factors after the hemorrhage of a cerebellar arteriovenous malformation, a congenital, abnormal collection of blood vessels. Both medical experts testified that rupture of such a condition is frequently spontaneous, but

can be caused by trauma to the head. Dr. Richard Johnson causally related decedent's death to his employment in response to a hypothetical question that assumed that decedent sustained an injury to his head at work 4 days before his hospitalization. The only evidence to support this allegation of injury was the testimony of decedent's family and neighbors expressing hearsay evidence of decedent's statements. Dr. David Johnson was of the opinion that the hemorrhage was spontaneous.

1. Conflict in the opinions of medical experts must be resolved by the compensation board as triers of fact. Grabowski v. Great Northern Oil Co. 283 Minn. 205, 167 N. W. 2d 14 (1969). Thus, if the evidence of a head injury, which is essential to Dr. Richard Johnson's testimony, is competent, the compensation board's finding must be affirmed.

Minn. St. 176.411, subd. 1, provides as follows:

"Except as otherwise provided by this chapter, when the commission, a commissioner or compensation judge makes an investigation or conducts a hearing, it or he is bound neither by the common law or statutory rules of evidence nor by technical or formal rules of pleading or procedure. The investigation or hearing shall be conducted in a manner to ascertain the substantial rights of the parties.

"Findings of fact shall be based upon competent evidence only."

Employer and insurer argue that all of the adduced testimony is incompetent to support a finding of traumatic head injury as hearsay or because barred by the "Dead Man's Statute."[1]

A neighbor, Dale Robarge, talked to decedent on Friday, June 15, 1973, when he arrived home from work. Decedent told him that he cracked his head at work. On the following afternoon he told a second neighbor, Phyllis Chartier, that he had banged his head at work and that his head hurt and he was dizzy. On Sunday, June 16, he told his daughter that he hit his head on a piece of equipment at work on Friday. Later that afternoon he told Phyllis Chartier and her husband of the alleged incident.

The number of recognized exceptions to the hearsay rule is an adequate demonstration that hearsay is neither inherently unreliable nor

---

[1] We have held that Minn. St. 595.04 applies to workers' compensation cases. James v. Peterson, 211 Minn. 481, 1 N. W. 2d 844 (1942); Kayser v. Carson Pirie Scott & Co. 203 Minn. 578, 282 N. W. 801 (1938). As this bar would apply only to the testimony of decedent's wife and as her testimony was merely cumulative on this point, we shall limit our consideration to the competency of the hearsay statements.

without probative value in all contexts. Those exceptions represent judicial presumptions that hearsay statements in specified situations are not fabricated and need not be excluded from the consideration of the lay jury. In workers' compensation hearings the evidence is weighed by trained factfinders, experienced in assessing the credibility of witnesses and distinguishing between self-serving fabrications and reliable statements. It is this expertise that underlies the liberal rules of procedure exemplified by § 176.411, subd. 1. A strict construction of the final sentence of that subdivision so as to apply technical rules of evidence in the review of the compensation board's findings is inconsistent with the purposes underlying the compensation act.

We are of the opinion that hearsay evidence of decedent's statements was competent evidence under the facts of this case. The statements were made to a number of disinterested persons in conjunction with objective manifestations of decedent's symptoms. They were made before decedent's hospitalization and at times when there was very little likelihood that he would have considered his condition very serious or potentially compensable. "In the ordinary concerns of life, no one would doubt the truth of these declarations, or hesitate to regard them, uncontradicted, as conclusive. Their probative force would not be questioned." Jacobs v. Village of Buhl, 199 Minn. 572, 582, 273 N. W. 245, 250 (1937), quoting from Travelers Ins. Co. v. Mosley, 8 Wall. 397, 408, 19 L. ed. 437, 441 (1869).

2. Minn. St. 176.101, subd. 6, provides as follows:

"In case a worker sustains an injury arising out of and in the course of employment, and during the period of disability caused thereby death results approximately therefrom, all payments for temporary or permanent disability previously made as compensation for such injury are deducted up to a maximum of $17,500 from any compensation due on account of the death, and accrued compensation due to the deceased prior to his death but not paid is payable to such dependent persons or legal heirs as the commissioner of the department of labor and industry, compensation judge, or commission in cases upon appeal may order, without probate administration."

The deduction of compensation for permanent or total disability from dependency benefits applies to such payments whether paid or accrued during the employee's lifetime. This matter is remanded to the compensation board so that the award may be amended to comply with § 176.101, subd. 6.

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed in part and remanded.