Aili V. HARRISON, Widow of Burrell Harrison, Deceased, Respondent,

v.

SCHAFER CONSTRUCTION COMPANY, et al., Relators,

and

United of Omaha, Insurer.

No. 47233.

Supreme Court of Minnesota.

July 29, 1977.

Chadwick, Johnson & Bridell and Richard J. Chadwick, Minneapolis, for relators.

Grose, Von Holtum, Von Holtum, Sieben & Schmidt and Timothy J. McCoy, Minneapolis, for respondent.

SCOTT, Justice.

Certiorari upon the relation of the employer and insurer to review an order of the Worker's Compensation Court of Appeals entered following remand by this court in *Harrison v. Schafer Const. Co.*, Minn., 244 N.W.2d 152 (1976), for modification pursuant to Minn.St.1974, § 176.101, subd. 6, of an award of $40,000 to the widow of the employee for dependency benefits and of $2,064 to her for temporary total disability compensation which had accrued to employee prior to his death. The compensation court modified its order to direct immediate payment to claimant of the $2,064 for disability compensation and payment of $37,-936 for dependency compensation to be paid at the rate of $100 per week from December 18, 1973, the day following employee's death. Relators now seek review of this order, contending that it does not comply with Minn.St.1974, § 176.101, subd. 6.

Minn.St.1974, § 176.101, subd. 6, provides:

"In case a worker sustains an injury arising out of and in the course of employment, and during the period of disability caused thereby death results approximately therefrom, all payments for temporary or permanent disability previously made as compensation for such injury are deducted up to a maximum $17,-500 from any compensation due on account of the death, and accrued compensation due to the deceased prior to his death but not paid is payable to such dependent persons or legal heirs as the commissioner of the department of labor and industry, compensation. judge, or commission in cases upon appeal may order, without probate administration." [1]

The parties agree that § 176.101, subd. 6, authorizes the reimbursement to an employer, up to $17,500, for disability compensation paid to an employee during his lifetime or to his dependents after his death. See, *Harrison v. Schafer Const. Co., supra; Umbreit v. Quality Tool, Inc.*, 302 Minn. 376, 225 N.W.2d 10 (1975). It is also undisputed that claimant, as long as she remains widowed, is entitled under Minn.St.1974, § 176.-111, subds. 6 and 19, to receive dependency compensation at the rate of $100 a week up to the maximum of $40,000. To give effect both to § 176.101, subd. 6, and the dependency compensation provisions of the Worker's Compensation Act, the compensation court deducted from the maximum of $40,-000 the $2,064 it ordered relators to pay for disability compensation.

Relators contend, however, that § 176.101, subd. 6, by directing reimbursement from "any compensation due on account of the death" requires that they be reimbursed from the weekly dependency compensation payments which had accrued at the time the matter was remanded by

1. This provision was repealed by L.1975, c. 359, § 8.

**338**

this court and amounted to more than $13,-000. Relators so construe the quoted language by defining the word "due" as meaning "having reached the date at which payment is required."[2] The compensation court rejected this construction and construed "any compensation due on account of the death" as meaning the compensation which other sections of the Worker's Compensation Act provide for dependents of an employee who dies from work-related injury. We are convinced that the compensation court construed the statute correctly.

 The Worker's Compensation Act as a whole clearly expresses the legislative intention and purpose of providing continuing income to a disabled worker or, upon his death, to those persons who had received financial support from his earnings. Yet, under relators' construction of § 176.101, subd. 6, the dependents of a deceased employee could be forced to wait months or years to receive dependency benefits if those benefits were applied, as they accrued, to reimburse the employer for disability compensation paid or accrued to the employee during his lifetime. An interpretation of § 176.101, subd. 6, which defeats the purpose of the statute as a whole is clearly to be avoided.[3] Moreover, in view of the remedial and humanitarian purpose of the Worker's Compensation Act, its provisions are to be given a broad liberal construction in favor of the interests of the claimant. *Radzak v. Mercy Hospital,* 291 Minn. 189, 192, 190 N.W.2d 86, 89 (1971). We are satisfied that the compensation court's construction of § 176.101, subd. 6, carries out the legislative intent with respect both to that provision and the dependency compensation provisions of the act as well.

Relators insist, nevertheless, that if the compensation court's order is upheld they may never receive reimbursement because claimant will not be entitled to as much as the $37,964 awarded to her should she die or remarry before receiving that amount. Admittedly, death and remarriage are contingencies which could affect the amount of the compensation claimant would receive. We do not think the legislature meant to deprive her of her present right to compensation because of these contingencies. Moreover, if claimant remarries before receiving the amount of compensation she would receive as a widow, the compensation court by appropriate order can provide for reimbursement to the extent possible from the lump-sum compensation award to which claimant would be entitled under § 176.111, subd. 11.

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

---

2. See, Webster's Third New International Dictionary (1976) p. 699.

3. See, Minn.St. 645.16.