Gerald C. MICHELS, Respondent,

v.

AMERICAN HOIST & DERRICK, et al., Relators,

American Mutual Liability Insurance Co., Respondent,

and

Prudential Insurance Company of America, Respondent.

No. 48280.

Supreme Court of Minnesota.

July 21, 1978.

58

Cousineau, McGuire, Shaughnessy & Anderson and Michael Jackman, Minneapolis, for relators.

John T. Anderson, Compensation Atty., St. Paul, for respondent Michels.

Van Eps & Gilmore and Michael D. Aafedt and Donald W. Anderson, Minneapolis, for respondent American Mutual Liability Ins. Co.

Jack L. Pfeilsticker, Minneapolis, for respondent Prudential Ins. Co. of America.

TODD, Justice.

Certiorari to review an award of compensation and medical expenses, liability for which was imposed solely on relator American Home Assurance Company. American Home contends that the facts required equitable apportionment of such liability between it and a prior insurer, American Mutual Liability Insurance Company. We affirm.

Gerald C. Michels, the employee, worked for American Hoist & Derrick Company from March 16, 1971, until April 30, 1976. Until August 31, 1974, American Mutual furnished compensation coverage to the employer; on and after September 1, 1974, American Home did so. During his work, employee had several different job titles, but except for the period from August 1972 to August 1973 did a good deal of heavy work. The court of appeals found that he sustained nondisabling personal injuries in 1972 and in May 1974 as a result of daily repetitive heavy lifting, bending, twisting, and other employment activities. It found also that during the period from September 1, 1974, until he stopped work employee sustained multiple minute trauma as a result of repetitive bending, twisting, shoveling, and lifting, which injuries constituted a personal injury which arose out of and in the course of his employment on March 24, 1976—the day on which he was hospitalized for a myelogram which led to the performance of a laminectomy in May 1976. The court of appeals also found that employee was temporarily and totally disabled as a result of the personal injury of March 24, 1976.

These findings have substantial evidentiary support in the testimony of employee himself and in the medical opinions voiced by Dr. Donald P. Smiley, the orthopedic surgeon who treated employee. In turn, the findings support the determination that liability for employee's medical expenses and disability benefits should be assessed solely against American Home.

American Home's claim that equity required apportionment of liability is based primarily on the testimony of two other orthopedic surgeons who expressed different opinions than did Dr. Smiley. Their opinions were not accepted by the court of appeals, however, and conflicts in medical testimony must be resolved by that court as the trier of fact. *Harrison v. Schafer Const. Co.*, 309 Minn. 559, 244 N.W.2d 152 (1976).

Employee, who was disabled in March 1976, has received compensation payments of only $80 a week since November 1976 under a temporary order, although he would have received compensation payments of $135 a week since March 1976, with adjustments pursuant to Minn.St. 176.-645, if American Home had admitted its liability when he became disabled. Consequently, he urged that we amplify our statement in *Jensen v. Kronick's Floor Covering Service, Inc.*, 309 Minn. 541, 245 N.W.2d 230 (1976), to enable employers and insurers to recognize what instances of dis-

ability from repetitive minute trauma will allow equitable apportionment. In our view the legislature is in a better position to determine what circumstances require such apportionment than we are. In the absence of a specific statute on the subject, however, it would appear to us to be applicable only in those rare cases in which substantial and almost uncontroverted medical testimony will permit a precise allocation of responsibility between or among different employers or insurers for the employee's disability. In any event, in any case in which the employment immediately preceding the employee's temporary total disability is conceded to have been a contributing cause of such disability, the employee is entitled to receive full benefits promptly from the insurer then furnishing compensation coverage, whether or not the right to equitable apportionment against a former insurer or employer may exist. *Marsolek v. Miller Waste Mills,* 244 Minn. 55, 69 N.W.2d 617 (1955).

Affirmed.