Lois J. Lusche GALLAGHER, Widow of Arthur Lusche, Respondent,

v.

WOLF LAKE CAMP, INC., et al., Relators.

No. 47901.

Supreme Court of Minnesota.

July 28, 1978.

Chadwick, Johnson & Bridell, Minneapolis, for relators.

William H. Getts, Duluth, for respondent.

PER CURIAM.

Certiorari to review a decision of the Workers' Compensation Court of Appeals holding that relators are not entitled under Minn.St.1974, § 176.101, subd. 6, to deduct compensation paid a deceased employee from the lump-sum settlement to which, under § 176.111, subd. 11, his widow is entitled upon remarriage. The court of appeals viewed these provisions as in irreconcilable conflict and construed the latter as controlling. We do not agree that these provisions are in conflict, but find that neither authorizes relators to take the deduction.

In April 1973 employee sustained a head injury arising out of and in the course of his employment which resulted in his being disabled thereafter and ultimately in his death on December 9, 1974. He received compensation amounting to $4,309.96. After his death the employer and insurer claimed that they were entitled under § 176.101, subd. 6, to deduct that compensation from the weekly dependency benefits to which respondent as his widow was entitled under § 176.111, subds. 6 and 19. The compensation judge and on appeal the Workers' Compensation Court of Appeals ordered the employer and insurer to pay the dependency benefits from the date of employee's death after determining that as of that date respondent was entitled to receive dependency compensation in the amount of $40,000 and that the employer and insurer had the right under § 176.101, subd. 6, to deduct from that total an amount equal to the compensation paid employee, but were required to pay the balance to her as long as she was dependent.

Relators complied with this order and paid respondent dependency compensation until September 12, 1976. On September 3, 1976, respondent remarried. Relators then computed the lump-sum payment of 2 years' compensation provided by § 176.111, subd. 11, deducted from that sum ($6,139.12) the weekly payment of $59.03 made after respondent's remarriage and the compensation they had paid employee, and paid respondent the balance of $1,690.13.

She filed a claim petition to recover $4,309.96, the amount deducted for compensation paid employee.

The compensation judge, on the basis of the prior decision of the court of appeals, ordered payment of this sum to respondent. Relators again appealed, and the court of appeals affirmed the findings and determination that relators are not entitled to the credit they had claimed. As stated, that court viewed §§ 176.101, subd. 6, and 176.-111, subd. 11, as being in irreconcilable conflict and determined that the latter was a specific provision and the former a general one. This determination led to the conclusion that § 176.111, subd. 11, was controlling and precluded the taking of a credit against the compensation therein provided. See, Minn.St. 645.26.[1]

Relators urge here that §§ 176.101, subd. 6, and 176.111, subd. 11, are not in conflict. They also urge that *Harrison v. Schafer Const. Co.,* Minn., 257 N.W.2d 336 (1977), issued 2 months after the decision under review, established their right to deduct the compensation paid employee from the compensation to which respondent became entitled upon remarriage. Although dicta in that case supports this claim, we were not then squarely faced with the issue. Analysis of these statutory provisions now convinces us that they are unambiguous, consistent, and complementary and that they do not permit the deduction relators have claimed.

Section 176.101, subd. 6, provides in part:

"In case a worker sustains an injury arising out of and in the course of employment, and during the period of disability caused thereby death results approximately therefrom, all payments for temporary or permanent disability previously made as compensation for such injury are deducted up to a maximum of $17,500 from any compensation due on account of the death, * * *."

In *Harrison* the employer and insurer had contended that this provision permitted them to deduct in advance from the dependency compensation to which the employee's widow became entitled upon his death the compensation they had paid to him. We agreed with the court of appeals' interpretation of § 176.101, subd. 6, as allowing the employer and insurer to reduce the maximum compensation of $40,000 to which the widow became entitled upon the employee's death by the amount of compensation they had paid him, subject to the statutory limit of $17,500, but requiring them to pay the remaining dependency compensation in weekly payments either until that compensation was exhausted or until dependency ceased. Here, also, § 176.-101, subd. 6, permitted relators upon employee's death to deduct from the $40,000 to which respondent was entitled under § 176.-111, subd. 6 and 19, the $4,309.96 they had paid employee as compensation. Doing so gave them the statutory deduction and left respondent entitled to receive weekly benefits during dependency until she had received $35,690.04. It is thus clear that relators have received the deduction authorized by § 176.101, subd. 6. If they are entitled now to deduct the compensation paid employee from the lump-sum settlement for which they are liable as a result of respondent's remarriage, their right does not exist by reason of § 176.101, subd. 6.

Nor does § 176.111, subd. 11, confer on them that right. This provision reads in part:

"In the case of the remarriage of a widow without dependent children she shall receive a lump sum settlement equal to one-half of the amount of compensation remaining unpaid, without deduction for interest, but not to exceed two full years compensation."

The interrelationship of this provision and § 176.101, subd. 6, is apparent when they are read together. The "amount of compensation remaining unpaid" under § 176.-

<hr/>

1. Although not in issue, relators also point out that the court of appeals set aside findings of the compensation judge on the basis of which he had assessed a penalty against them, but failed to vacate the penalty. We call the matter to the attention of that court for its action to effect a revocation of any penalty.

111, subd. 11, is the compensation to which respondent remained entitled after the deduction pursuant to § 176.101, subd. 6, of the compensation paid the employee and after the further deduction of dependency benefits she has received. Since § 176.111, subd. 11, in itself contains no provision for a further deduction from the lump sum compensation therein provided, such a deduction would defeat the plainly expressed legislative intent to award respondent that compensation. The conclusion reached by the court of appeals must therefore be affirmed.

Affirmed.