Harley SWEEP, Respondent,

v.

HANSON SILO COMPANY and St. Paul Fire and Marine Insurance Company, Relators,

Minnesota Department of Economic Security, intervenor, Respondent.

No. C2–86–286.

Supreme Court of Minnesota.

Aug. 8, 1986.

Michael J. Patera, Edina, for appellant.

Luke M. Seifert, St. Cloud, for Harley Sweep.

Richard H. Rhode, Workers' Compensation Unit, St. Paul, for Minn. Dept. of Economic Sec.

COYNE, Justice.

Relators, employer and insurer, seek review of an order of the Workers' Compensation Court of Appeals disapproving a proposed settlement filed by the parties during the pendency of relators' appeal from a compensation judge's denial of their petition to discontinue payment of temporary total disability benefits. We affirm.

Relators' chief contention is that the WCCA was required by Minn.Stat. § 176.-521, subds. 2 and 2a (1984), to accept the proposed settlement. These provisions are applicable when parties to the settlement are represented by counsel, as they were in this case. Section 176.521, subd. 2, provides:

> Subd. 2. Settlements shall be approved only if the terms conform with this chapter.

> The division, a compensation judge, the workers' compensation court of appeals, and the district court shall exercise dis-

cretion in approving or disapproving a proposed settlement.

The parties to the agreement of settlement have the burden of proving that the settlement is reasonable, fair, and in conformity with this chapter. A settlement agreement where both the employee or the employee's dependent and the employer or insurer and intervenors in the matter are represented by an attorney shall be conclusively presumed to be reasonable, fair, and in conformity with this chapter *except when the settlement purports to be a full, final, and complete settlement of an employee's right to medical compensation under this chapter or rehabilitation under section 176.-102. A settlement which purports to do so must be approved by the division, a compensation judge, or workers' compensation court of appeals.*

The conclusive presumption in this subdivision applies to a settlement agreement entered into on or after January 15, 1982, whether the injury to which the settlement applies occurred prior to or on or after January 15, 1982.

(Emphasis added). Section 176.521, subd. 2a, provides:

Subd. 2a. When a settled case is not subject to approval, upon receipt of the stipulation for settlement, a compensation judge, a settlement judge, or the workers' compensation court of appeals shall immediately sign the award and file it with the commissioner. Payment pursuant to the award shall be made within 14 days after it is filed with the commissioner. The commissioner may correct mathematical or clerical errors at any time.

■ These provisions express the legislative judgment that parties represented by counsel may settle compensation claims and that the Workers' Compensation Division, compensation judges, and WCCA shall not review the settlement unless it "purports to be a full, final, and complete settlement" of the employee's right to medical compensation or rehabilitation. Relators claim that the settlement presented to the WCCA did not foreclose employee's rights to medical compensation or rehabilitation and, consequently, that it was not subject to approval by that Tribunal. However, the proposed settlement discloses that the parties agreed on these matters:

1. That the Insurer shall pay and the Employee shall accept, in one lump sum, without interest deduction, the sum of $12,500.00 *in full, final and complete settlement of any and all claims* the Employee may have against the Employer and its Insurer herein for temporary total disability, temporary partial disability, permanent total disability, permanent partial disability, *rehabilitation, retraining,* impairment compensation, economic recovery compensation and *any and all other benefits,* increases or additions thereto payable pursuant to the Minnesota Workers' Compensation Act, except as otherwise provided herein.[1]

\*   \*   \*   \*   \*   \*

4. *That the Employee understands and agrees that he is fully, finally and completely compromising any and all claims he now has or may have in the future against the Employer and its Insurer herein* for benefits for temporary total disability, temporary partial disability, permanent total disability, permanent partial disability, *rehabilitation, retraining,* impairment compensation, economic recovery compensation, medical benefits to date and any other benefits or increases or additions thereto provided under the Workers' Compensation Laws of the state of Minnesota. It is understood and agreed to by all parties herein that said Employer and its Insurer shall only remain liable for and shall make payment on any and all medical expenses reasonably related and necessary to cure and relieve the effects of the Employee's injury of June 18, 1984. It is understood

---

1. The proposed settlement also provided that employee would pay the intervening Department of Economic Security $900 and would pay attorney fees of $2,700, so his net recovery was $8,900.

and agreed to by all parties hereto that, after payment is made pursuant to paragraph 8 hereof, *the Employer and its Insurer shall no longer be resposible [sic] for payment of any chiropractic expenses incurred by the Employee at any time for any reason.* It is further understood and agreed to by all parties hereto the Insurer shall pay for up to $1,500.00 in rehabilitation expenses incurred by the Employee as a result of his injury of June 18, 1984. *The Employer and its Insurer shall not be responsible for any expenses for rehabilitation benefits in excess of $1,500.00.*

(Emphasis added).

Because the parties agreed that relators were to be liable for future medical expenses other than chiropractic expense and for rehabilitation expenses up to $1,500, the relators claim that the proposed settlement was not a full, final, and complete settlement of employee's rights to medical expenses and rehabilitation. We reject that claim. Clearly, the proposed settlement was intended to fully, completely, and finally bar employee's right to have relators pay for chiropractic treatment—certainly a part of his right to medical compensation—and also to place a monetary restriction on his right to rehabilitation. With those limitations the settlement was intended to fully, finally, and completely bar claims based on those rights. Thus, the WCCA was required to review it in order to determine whether it was fair, reasonable, and in conformity with the Workers' Compensation Act.[2]

2. Relators contend also that, even if the proposed settlement was subject to approval by the WCCA, that court erred in determining that it was not in conformity with the Workers' Compensation Act. This claim requires examination of the opinions accompanying the order.

Two members of the WCCA based their disapproval of the settlement in part on their view that Minn.Stat. § 176.021, subd.

3 (1984) and the overall policy of the Workers' Compensation Act to impose the cost of workplace injuries upon industry prohibits parties from entering a settlement barring future claims for disability resulting from known and admitted work injuries. We do not believe that either the statute or the policy cited by these members of the WCCA supports their conclusion.

■ In 1974 the legislature amended Minn.Stat. § 176.021, subd. 3 (Supp.1973) by adding the following language:

Compensation for permanent partial disability is payable concurrently and in addition to compensation for temporary total disability and temporary partial disability as set forth in Minnesota Statutes, Section 176.101, Subdivisions 1 and 2, and for permanent total disability as defined in Minnesota Statutes, Section 176.-101, Subdivision 5; and such compensation for permanent partial disability shall not be deferred pending completion of payment for temporary disability or permanent total disability, and no credit shall be taken for payment of permanent partial disability against liability for permanent total disability. *Liability on the part of an employer or his insurer for disability of a temporary total, temporary partial, and permanent total nature shall be considered as a continuing product and part of the employee's inability to earn or reduction in earning capacity due to injury or occupational disease and shall be payable accordingly.* Permanent partial disability is payable for functional loss of use or impairment of function, permanent in nature, and payment therefore [sic] shall be separate, distinct, and in addition to payment for any other compensation.

(Emphasis added). Act of April 12, 1974, ch. 486, § 1, 1974 Minn.Laws 1230, 1231. Although the compensation judges relied on the emphasized portion of this provision, the amendment was enacted, not as a regulation of the parties' rights to settle com-

---

2. This obligation required the WCCA to consider all aspects of the proposed settlement because such agreements ordinarily are not severable.

pensation claims, but as a legislative overruling of judicial decisions holding that employees could not receive permanent partial disability compensation concurrently with temporary total disability benefits and also that an employee who had received permanent partial disability benefits and had returned to full-time employment at a reduced wage could not receive temporary partial disability compensation. *See Tracy v. Streater/Litton Industries,* 283 N.W.2d 909, 914 (Minn.1979); *Morehouse v. Geo. A. Hormel & Co.,* 313 N.W.2d 8 (Minn.1981).[3] The statute bearing directly on settlement of compensation claims, Minn.Stat. § 176.521, does not prohibit full, final, and complete settlement of disability claims based upon known injury.

■ This court has often recognized the underlying policy to which the judges referred. *E.g., Carey v. Stadther,* 300 Minn. 88, 91, 219 N.W.2d 76, 78 (1974); *Tatro v. Hartmann's Store,* 295 Minn. 282, 287, 204 N.W.2d 125, 128 (1973). We have also recognized that the Workers' Compensation Act as a whole clearly expresses the legislative intent and purpose of providing continuing income to a disabled worker or, upon his death, to those who had received financial support from him. *See Harrison v. Schafer Construction Co.,* 309 Minn. 557, 244 N.W.2d 152 (1976). In spite of these policies, workers' compensation measures are a legislative creation, and section 176.521 clearly does not preclude a full, final, and complete settlement of claims based upon a known and admitted injury.

■ 3. However, the WCCA also disapproved the settlement on the ground that it was broader than is permissible under the

Workers' Compensation Act because it foreclosed employee's right to seek compensation for all injuries he might have sustained in the course of his employment with relator employer. Despite relators' insistence to the contrary, the settlement is reasonably susceptible of that interpretation.

It is true that the settlement set forth the parties' agreement that employee had sustained "a work related injury to his left shoulder and back" in an automobile accident on June 18, 1984, employee's claims that as a consequence of the accident he required and still requires chiropractic treatment, sustained permanent partial and temporary disabilities, and is in need of rehabilitation, and relators' responses to those claims. But, besides those provisions which clearly relate to the specific back and shoulder injury, the settlement provided that relators would pay, and employee would accept, $12,500 "in full, final and complete settlement of *any and all claims*" he might have for benefits under the Workers' Compensation Act and also stated employee's understanding and agreement that he "is fully, finally and completely compromising *any and all claims he now has or may have in the future against the Employer and its Insurer*" for such benefits. (Emphasis added). These provisions require us to conclude that the settlement is reasonably susceptible of the interpretation given it by the WCCA—that the agreement purports to compromise not only the compensation claims arising out of the specifically identified back and shoulder injury of June 18,

---

**3.** In a 1981 amendment the legislature provided that compensation for permanent partial disability was payable concurrently with compensation for permanent total disability but should be withheld pending completion of payment for temporary total and temporary partial disability. Act of June 1, 1981, ch. 346, § 57, 1981 Minn.Laws 1611, 1644. It also added section 176.021, subd. 3a, relating to the method of paying permanent partial disability compensation. *Id.* at § 58, 1981 Minn.Laws at 1646. In 1983 the legislature repealed Minn.Stat. § 176.101, subd. 3 (1982), containing the schedules of compensation for permanent partial disabilities,

Act of June 7, 1983, ch. 290, § 173, 1983 Minn. Laws 1310, 1404, substituted economic recovery compensation and impairment compensation for the scheduled benefits, and provided elaborate rules governing entitlement to these and other forms of compensation. *Id.* at §§ 44–64, 1983 Minn.Laws at 1339 (codified at Minn.Stat. § 176.101, subds. 3a–3u (1984)). The legislature also amended section 176.021, subd. 3, to provide that economic recovery compensation or impairment compensation is not payable concurrently with temporary total disability compensation. *Id.* at § 33, 1983 Minn.Laws at 1329.

1984, but also to bar employee from seeking compensation under the Act for any other injuries sustained in the course of his employment with relator-employer, even though employee has made no claim based on such injuries and they were not a subject of dispute between the parties. That interpretation justified the WCCA's consequent determination that the settlement is broader than is permissible under the Act and therefore does not conform to it.[4]

The order disapproving the settlement is affirmed.

---

**4.** Although the WCCA did not discuss the terms of the proposed settlement in detail, it also seems doubtful that the stringent limitation on employee's right to rehabilitation would be consistent with Minn.Stat. § 176.102 (1984).