STATE OF MINNESOTA

IN SUPREME COURT

A15-1404

Workers' Compensation Court of Appeals

Dietzen, J.
Took no part, Chutich, J.

Virgenia M. Ryan,

Respondent,

vs.

Filed: July 13, 2016
Office of Appellate Courts

Potlatch Corporation and Self-Insured/Comp Cost, Inc.,

Relators.

_____

John W. Person, Alex D. Kuhn, Breen & Person, Ltd., Brainerd, Minnesota, for respondent.

James R. Waldhauser, Natalie K. Lund, Cousineau McGuire Chartered, Minneapolis, Minnesota, for relators.

_____

S Y L L A B U S

A workers' compensation settlement agreement may close out not only the benefits claim for the compensable injury, but also claims for conditions and complications arising out of that injury that were reasonably anticipated by the parties at the time of the settlement agreement.

Reversed and remanded.

1

O P I N I O N

DIETZEN, Justice.

After suffering a back injury that arose out of and in the course of her employment with relator Potlatch Corporation, respondent Virgenia M. Ryan entered into a "full, final and complete settlement" of her claims for workers' compensation benefits related to that injury. Later, Ryan filed a claim petition alleging that she sustained a back injury with consequential depression and anxiety. Potlatch moved to dismiss this petition on the ground that Ryan was required under Minn. Stat. § 176.461 (2014) to first bring a motion to set aside her settlement agreement with Potlatch before proceeding with the new claim petition. The workers' compensation judge, relying on our decision in *Sweep v. Hanson Silo Co.*, 391 N.W.2d 817 (Minn. 1986), and decisions by the Workers' Compensation Court of Appeals, denied the motion, reasoning that the settlement agreement does not foreclose claims from the same incident that are not mentioned in the agreement absent evidence that those claims were contemplated by the parties at the time they entered into the agreement. The WCCA affirmed. For the reasons that follow, we reverse the WCCA's decision and remand to the compensation judge for further proceedings consistent with this opinion.

On May 16, 2002, Ryan injured her back moving heavy paper products in the course of her employment with Potlatch Corporation. An MRI revealed a disc protrusion at L4-5 and small disc protrusions at two other levels of her lumbar spine. Ryan underwent back surgery on September 5, 2002, which helped, but did not completely resolve, Ryan's pain.

2

In January 2003, Ryan filed a claim petition alleging a *Gillette*-type injury to her lower back that culminated on May 16, 2002.[1]  In November 2003, Ryan and Potlatch entered into a settlement agreement that provided for a full, final, and complete settlement of Ryan's workers' compensation claims, excluding future reasonable and necessary medical treatment, in return for a lump-sum payment.  The settlement agreement was approved by a workers' compensation judge in accordance with Minn. Stat. § 176.521 (2014), and an Award on Stipulation was served and filed in November 2003.

Ryan attended school to become a medical secretary, and then worked in that capacity for several years.  Unfortunately, Ryan's lower back injury worsened and she underwent surgery for a three-level fusion of her spine in April 2009, and additional back surgery in October 2009.  While in the hospital for the second back surgery, Ryan was evaluated by a psychiatrist who concluded that Ryan was depressed, and that her depression was attributable in part to her ongoing back problems.

In November 2009, Ryan was diagnosed with major depressive disorder in a medical evaluation for social security disability benefits.  Ryan began psychotherapy for depression and chronic pain disorder in December 2009.  In 2010, Ryan had further medical treatment to relieve her chronic back pain.  But these efforts were also unsuccessful.  Ryan underwent gastric bypass surgery in 2011.  In December 2012, she

---

[1]     A *Gillette* injury occurs when the cumulative effects of minute, repetitive trauma are serious enough to disable an employee.  *Gillette v. Harold, Inc.*, 257 Minn. 313, 315, 101 N.W.2d 200, 203 (1960).

was referred for additional psychotherapy for chronic pain and depression. This therapy continued through 2013.

Ryan filed a claim petition in January 2013, seeking additional benefits for the May 16, 2002 injury at Potlatch. Specifically, she alleged a lumbar spine injury with consequential depression/anxiety and the need for bariatric surgery. In its answer to this petition, Potlatch argued that it had paid benefits for the injury claimed in the January 2003 petition, and that the claim was fully and finally resolved by a settlement agreement approved by the WCCA in November 2003. Potlatch then moved to dismiss the 2013 petition on the ground that Ryan was first required to bring a motion to vacate the existing settlement agreement before she could bring a new claim.

The workers' compensation judge denied the motion to dismiss and concluded that Ryan could proceed with her petition for a claimed consequential psychological injury. The judge reasoned that the 2003 settlement agreement did not foreclose a claim for chronic pain and related depression. In a second order, the judge concluded that the 2003 settlement agreement did not foreclose a later claim for the consequential psychological injury. Ryan, therefore, did not need to petition to vacate the 2003 settlement agreement in order to pursue her claim for a consequential psychological injury.

The WCCA affirmed, concluding that Ryan could proceed with her claim for a psychological condition associated with her low back injury without first seeking to vacate the 2003 stipulation for settlement that addressed only her lower-back injury. *Ryan v. Potlatch Corp.*, 2015 WL 5003607 at \*3 (Minn. WCCA July 31, 2015). The WCCA reasoned that "a prior stipulation for settlement does not close out claims from

4

the same incident but not mentioned in the stipulation [ ] absent evidence that the subsequent claims were contemplated by the parties when they entered into the stipulation." *Id.*

## I.

Potlatch argues that Ryan's current claim is covered, and foreclosed, by the 2003 settlement agreement and, therefore, Ryan must petition to set aside that agreement under Minn. Stat. § 176.461 (2014) before she can pursue the claim. Ryan argues that the depression she suffered as a result of her worsening back injury is a "new and unrelated condition" that was not contemplated at the time of the 2003 settlement. As a result, Ryan asserts that the settlement agreement did not close out claims based on her psychological condition. This dispute requires us to consider what claims are covered by a prior settlement agreement entered into under the Workers' Compensation Act, Minn. Stat. ch. 176 (2014).

The interpretation of a statute is a question of law that we review de novo. *Schatz v. Interfaith Care Ctr.*, 811 N.W.2d 643, 649 (Minn. 2012). Our goal in statutory interpretation is "to ascertain and effectuate the intention of the legislature." *U.S. Bank N.A. v. Cold Spring Granite Co.*, 802 N.W.2d 363, 375 (Minn. 2011) (quoting Minn. Stat. § 645.16 (2014)). We interpret the words of the statute according to their plain and ordinary meaning. *W. Bend Mut. Ins. Co. v. Allstate Ins. Co.*, 776 N.W.2d 693, 698 (Minn. 2009). "When the language of a statute is unambiguous, its plain meaning is given effect." *Id.* We interpret a statute, if possible, in a way that "give[s] effect to all its provisions." Minn. Stat. § 645.16 (2014).

The Workers' Compensation Act (WCA) sets forth the procedure for filing a claim for a new injury, for the lump-sum settlement of a claim, and for reopening a previously settled claim. To initiate a new claim for a compensable personal injury, an injured employee must file a written petition under Minn. Stat. § 176.271, that includes the information required under Minn. Stat. § 176.291. A "personal injury" is compensable without regard to the question of negligence if it arises out of, and is sustained in the course of, employment. Minn. Stat. § 176.021. A "personal injury" is an "injury arising out of and in the course of employment . . . while engaged in, on, or about the premises where the employee's services require the employee's presence as a part of that service at the time of the injury, and during the hours of that service." Minn. Stat. § 176.011, subd. 16 (2014).

Chapter 176 governs the validity of a workers' compensation settlement between an employee and an employer, and sets forth the procedure by which such agreements may be set aside. Minnesota Statutes section 176.521, subdivision 1, provides that, generally, an agreement between an employee and employer or insurer to settle a work-related injury claim is valid when it is in writing and signed by the parties. Subdivision 2 sets forth the procedure for approval of a proposed settlement by the commissioner, a compensation judge, or the WCCA. Minn. Stat. § 176.521, subd. 2.

The procedure to set aside a workers' compensation award is set forth in Minn. Stat. § 176.461, which provides, in relevant part, that upon proper notice to the parties, the WCCA may set aside a workers' compensation award and grant a new hearing "for cause." *Id.* Specifically, the WCCA may, upon motion, set aside a settlement award

6

pursuant to chapter 176, notwithstanding any provision to the contrary in the settlement agreement. Minn. Stat. § 176.521, subd. 3.

In 1986, we considered whether the WCCA erred in disapproving a proposed settlement agreement that arguably foreclosed the employee from seeking compensation for all present and future injuries sustained in the course of his employment with the employer. *Sweep v. Hanson Silo Co.*, 391 NW.2d 817 (Minn. 1986). The employer in that case contended that the WCCA was required by Minn. Stat. § 176.521, subds. 2-2a, to accept the proposed settlement.[2] 391 N.W.2d at 818. We concluded that the Act does not prohibit parties from entering into a full, final, and complete settlement that forecloses future workers' compensation claims that might arise from the specifically identified, work-related injury addressed by the agreement. *Id.* at 821. But we affirmed the WCCA's determination that the specific settlement agreement at issue in *Sweep* was not permissible under the Act because it went further and foreclosed not only workers' compensation claims arising out of the specifically identified injury, but also claims for *any* future work-related injuries during the employment relationship. *Id.* at 821-22.

The meaning of the phrase "for cause" in section 176.461 has changed since 1986. At that time, our case law defined "for cause" to mean: fraud, mistake, newly discovered evidence, or a substantial change in the employee's condition. *See Stewart v. Rahr Malting Co.*, 435 N.W.2d 538, 539 (Minn. 1989) (citing *Krebsbach v. Lake Lillian Co-op Creamery Ass'n*, 350 N.W.2d 349, 353 (Minn. 1984); *Turner v. Fed. Reserve Bank*

---

[2] Subdivisions 2 and 2a are the statutory provisions that apply when both parties are represented by counsel.

*of Minneapolis*, 298 Minn. 161, 167, 213 N.W.2d 414, 417-18 (1973)).  In 1992, the Legislature clarified the definition of "for cause" in Minn. Stat. § 176.461.  Act of April 28, 1992, ch. 510, art. 2, § 11, 1992 Minn. Laws 589, 603.  As amended, the statute now limits cause to:

> (1) a mutual mistake of fact;
>
> (2) newly discovered evidence;
>
> (3) fraud; or
>
> (4) a substantial change in medical condition since the time of the award that was clearly not anticipated and could not reasonably have been anticipated at the time of the award.

Minn. Stat. § 176.461(b).  Notably, section 176.461(b)(4) clarified the meaning of the phrase, "a substantial change in medical condition" in a manner favorable to the injured worker.  Specifically, the Legislature limited the scope of the parties' settlement of a workers' compensation claim by excluding from that agreement claims based on a substantial change in medical condition that was clearly not anticipated, and could not reasonably have been anticipated, at the time of the award.  On the other hand, as amended, section 176.461 does not allow the WCCA to set aside, for cause, the settlement of a work-related injury based on a medical condition that was either anticipated or could have been reasonably anticipated at the time of the award.

Relying on *Sweep*, Ryan argues that her psychological condition is a consequence of her back injury that was not contemplated by the parties at the time they entered into the 2003 settlement agreement.  Therefore, Ryan contends, the agreement does not foreclose a claim based on her psychological condition.  The WCCA has relied on *Sweep*

8

to conclude that a settlement does not foreclose a subsequent claim for a condition or complication not mentioned in the agreement, absent evidence that the subsequent condition or complication was contemplated by the parties when they entered into the settlement. *See, e.g.*, *Pitleck v. St. Anthony Health Ctr.*, 68 Minn. Workers' Comp. Dec. 371, 372 (WCCA 2008); *Larson v. St. Louis Cty.*, 62 Minn. Workers' Comp. Dec. 545, 547 (WCCA 2002); *Golen v. J.C. Penney Co.*, 1993 WL 491362, *2-3 (Minn. WCCA Oct. 27, 1993).

The WCCA has misconstrued our *Sweep* decision. In *Sweep*, we decided that section 176.521 permits a settlement of workers' compensation claims based upon a known and admitted injury. *Sweep*, 391 N.W.2d at 821. In doing so, we affirmed the WCCA's determination that a settlement agreement could not close out other distinct, work-related injuries not at issue in the claim petition and, therefore, not in dispute at the time of the agreement. *Id.* at 821-22. But *Sweep* did not address whether a settlement agreement may close out conditions or complications that arise from, or are a consequence of, the work-related injury that is the subject of the settlement.

The Legislature's amendment to Minn. Stat. § 176.461 provides guidance on that question. Specifically, the statute provides that a workers' compensation award or settlement agreement may be set aside only for cause in the event of a substantial change in medical condition that clearly was not anticipated, and that could not have reasonably been anticipated, at the time of the award. Minn. Stat. §§ 176.461 (b)(4); 176.521, subd. 3. It logically follows that a workers' compensation settlement agreement may close out not only the work-related injury that is the subject of the agreement, but also

9

conditions and complications that arise from the injury and are within the reasonable contemplation of the parties at the time of the settlement agreement.

We conclude that a workers' compensation settlement agreement may close out not only the workers' compensation injury that is the subject of the agreement, but also conditions and complications arising out of the workers' compensation injury. It is not necessary that the condition or complication be specifically referenced in the settlement agreement. The agreement, however, must resolve not only the workers' compensation injury, but also any conditions or complications that arise out of the injury that were, or should have been, reasonably within the contemplation of the parties at the time of the agreement. The agreement must also satisfy any other conditions of Minn. Stat. § 176.521.

## II.

We next examine whether the settlement agreement closes out Ryan's present claim. The 2003 settlement agreement between Ryan and Potlatch states in relevant part that:

> [T]he Self-Insured Employer agrees to pay, and the Employee agrees to accept in one lump sum . . . $100,000.00 and that when this payment is made to the Employee . . . it will then constitute a full, final and complete settlement of any and all claims under the Workers' Compensation Act which the Employee may have as a result of the injuries as heretofore described, including those incorporated by reference herein . . . with the exception of future reasonable medical expenses pursuant to M.S. 176.135 and the appropriate fee schedule.

The relevant language settles "all claims under the [WCA] which the Employee may have as a result of the [work-related] injuries," except for future medical expenses under

10

Minn. Stat. § 176.135. The language of the agreement is sufficient to settle conditions and complications that arise out of, and are a consequence of, Ryan's 2002 workers' compensation injury.

Ryan argues that her depression is a new condition not within the contemplation of the parties at the time of the settlement agreement. The argument fails for two reasons. First, Ryan's depression is a psychological condition that arises out of and is a consequence of her workers' compensation injury, and therefore it falls within the scope of the 2003 settlement agreement. Second, depression is a condition that may arise from the pain and loss of function associated with a chronic back condition. Ryan did not present evidence establishing that her condition was not reasonably contemplated by the parties at the time of the agreement. We conclude that Ryan must therefore petition to vacate the 2003 settlement pursuant to Minn. Stat. § 176.461 before proceeding with her present claim. We therefore remand to the compensation judge for further proceedings consistent with this opinion.

Reversed and remanded.


CHUTICH, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

11